Leroy Zimmerman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge CRUMLISH, JR. and Judges COLINS and BLATT, sitting as a panel of three.

 

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 18, 1984:

Leroy Zimmerman, petitioner, appeals here a decision of the Pennsylvania Board of Probation and Parole (Board) which ordered that he be recommitted as a technical parole violator for transgressing special conditions of parole: *i.e.,* (a) leaving the Allentown Parole District without prior written permission, and (b) consuming intoxicating beverages.

On September 14, 1976, Zimmerman was convicted of third-degree murder and sentenced to four to fifteen years imprisonment. He was subsequently paroled on April 29, 1983 subject to the above-mentioned conditions. Thereafter, on April 30, 1983, he was driving an automobile in Schuylkill County, which is within the Allentown Parole District, when, as he alleges, he made a wrong turn and, inadvertently, crossed his parole district boundary by entering Northumberland County, where he was subsequently involved in a one-car vehicular accident. The local authorities, the Mount Carmel Township Police, arrived at the scene of the accident and, upon noting the smell of alcohol

on Zimmerman as well as his slurred speech, placed him under arrest. He was then transported to Shamokin General Hospital, where, after being advised of his *Miranda* rights, he refused to take a blood alcohol test. He was subsequently charged with violating the aforementioned conditions, and recommitted as a technical parole violator. After a Petition for Administrative Review and Relief was denied by the Board, the instant appeal ensued.

Zimmerman raises two issues in this appeal: (a) that the Board erred in allowing the testimony of a Mount Carmel policeman concerning a statement made by Zimmerman to the attending physician at Shamokin General which referred to his alcoholic consumption on the day of the accident, because the statement was taken in violation of his *Miranda* rights, and, (b) that the Board erred in concluding that Zimmerman violated his parole condition concerning leaving the Allentown Parole District because they failed to prove that he *intended* to do it.

Our scope of review, of course, is limited to determining whether or not the adjudication is supported by substantial evidence, is in accordance with the law, and is observant of petitioner's constitutional rights. *Washington v. Board of Probation and Parole*, 73 Pa. Commonwealth Ct. 432, 458 A.2d 645 (1983).

The Board concluded that Zimmerman violated his technical parole condition concerning alcoholic consumption based upon the testimony of a Mount Carmel policeman, who testified that he overheard Zimmerman state to the attending physician at Shamokin General that he drank four or five shots of whiskey prior to the accident. Zimmerman contends that this statement was taken in violation of his *Miranda* rights. We need not, however, analyze the merits of this claim because, even if the statement was taken in violation of

his *Miranda* rights, our Supreme Court has held, in *Commonwealth v. Kates*, 452 Pa. 102, 121, 305 A.2d 701, 711 (1973), that such statements are admissible as evidence during a probation revocation hearing.

Zimmerman next contends, without citing any legal authority to support his claim, that, absent any evidence that he intended to leave the Allentown Parole District, the Board may not conclude that he violated the boundary limitation condition. In the document concerning his parole conditions, which was signed by Zimmerman, the following statement appears:

> Your parole/reparole is granted subject to the following conditions:
>
> Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.
>
> ALLENTOWN DISTRICT OFFICE, 2402 Sunshine Road, Allentown, PA. (Phone 821-6537)

We believe that we are not empowered in our appellate capacity which, as is previously noted, has a limited scope of review, to add another element, *i.e.*, intent, to this clearly stated parole condition. This conclusion, we believe, furthermore, is consistent with the general precept concerning parole revocation hearings, which is that the quantum of proof necessary to establish grounds for parole revocation is significantly less than that required to sustain a criminal conviction. *Washington; Commonwealth v. Rossetti*, 255 Pa. Superior Ct. 524, 388 A.2d 1090 (1978); *cf. Kates; Commonwealth v. Newman*, 225 Pa. Superior Ct. 327, 310 A.2d 380 (1973).

We will, therefore, affirm the order of the Board.

#### ORDER

AND Now, this 18th day of June, 1984, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.