Randy Chapman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 5, 1984, to Judges ROGERS, WILLIAMS, JR. and KALISH, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 7, 1984:

This is an appeal by Randy Chapman (Chapman) who petitions for review from a denial of administrative relief by the Pennsylvania Board of Probation

and Parole (Board) regarding a Board recommitment order. That order revokes Chapman's parole and recommits him to prison as a convicted and technical parole violator to serve backtime. Chapman contends that there is not substantial evidence in the record to support the Board's order and that the amount of backtime the Board ordered him to serve is so unduly harsh and excessive that it amounts to a manifest abuse of discretion. We affirm.

Chapman was originally sentenced in 1979 by Judge RICHETTE of the Court of Common Pleas of Philadelphia County to a term of two to ten years following his conviction of the offense of Robbery.[1] That sentence carried a maximum term expiration date of October 23, 1989. The Board paroled Chapman effective October 23, 1981 at which time he was released from the State Correctional Institution at Graterford (SCI-Graterford).

On March 2, 1982, a complaint was filed with Philadelphia Police by Kenneth Armstrong. Armstrong alleged that Chapman and two of his brothers appeared outside of his Philadelphia residence with firearms and shot at him.[2] On the basis of Armstrong's complaint, Philadelphia Police arrested Chapman on March 3, 1982 and he was charged with Aggravated Assault,[3] Simple Assault,[4] Recklessly Endangering Another Person,[5] Possession of an Instru-

---

[1] 18 Pa. C. S. §3701.

[2] The investigating officer observed broken windows on the second and third floors of Armstrong's residence as well as broken pieces of marble and brick. The officer also recovered two spent shotgun shells outside the residence as well as lead projectiles and bullet fragments from inside the residence.

[3] 18 Pa. C. S. §2702.

[4] 18 Pa. C. S. §2701.

[5] 18 Pa. C. S. §2705.

ment of Crime,[6] Criminal Conspiracy,[7] and Violating the Uniform Firearms Act.[8] Chapman did not post bail and remained incarcerated in Philadelphia County Prison.

On April 12, 1983, Chapman appeared in Philadelphia County Common Pleas Court and entered a negotiated plea of guilty to the new criminal charges.[9] Judge LEHRER sentenced Chapman to a term of one and one-half to five years on the Aggravated Assault charge, suspended sentence on the Criminal Conspiracy charge, and the remaining charges were nolle prossed. Shortly after sentencing, Chapman was transferred from Philadelphia County Prison to SCI-Graterford.

On June 2, 1983, Chapman was afforded a parole Violation and Revocation Hearing at SCI-Graterford. The hearing was held before a Board hearing examiner[10] and both Armstrong and Chapman's parole agent were present and testified. In addition to the new Philadelphia County convictions, the Board also charged that Chapman violated general conditions 5B[11]

[6] 18 Pa. C. S. §907.

[7] 18 Pa. C. S. §903.

[8] 18 Pa. C. S. §§6101-6120.

[9] The certified copies of Philadelphia Common Pleas docket sheets show Chapman entering a negotiated plea of guilty to the charges of Aggravated and Simple Assault and Criminal Conspiracy in return for the balance of the charges being nolle prossed. For sentencing, the Simple Assault charge merged with the Aggravated Assault charge.

[10] Petitioner had previously waived the full Board Violation and Revocation hearing which is held before three members of the Board rather than a hearing examiner. A parolee's right to appear before three members of the Board was guaranteed by our Supreme Court's decision in *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973).

[11] General parole condition 5B requires parolees to refrain from owning or processing any firearm or other weapons. *See* 37 Pa. Code §63.4(5)(ii).

and 5C[12] of his parole. Armstrong testified in detail regarding the March 2, 1982 incident which occurred outside his home. Chapman testified in his own behalf and while he admitted being present at Armstrong's residence, denied any shooting or being in possession of any firearms. Certified copies of court documents showing Chapman's guilty plea were also accepted into evidence.

As a result of that hearing, on July 18, 1983 the Board ordered Chapman recommitted as a technical parole violator to serve eighteen months for violating conditions 5B and 5C of his parole and as a convicted parole violator to serve thirty months backtime for a total of forty-eight months on backtime. The Board also extended Chapman's maximum term expiration date to July 18, 1991.[13] Chapman filed a timely petition for administrative relief with the Board which was denied and this appeal followed.

We initially take due note of our limited scope of review of a Board recommitment order which is to determine if the order is in accordance with law, whether necessary factual findings are supported by substantial evidence, and whether petitioner's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole*, 80

---

[12] General parole condition 5C requires parolees to refrain from any assaultive behavior. *See* 37 Pa. Code §63.4(5)(iii).

[13] Under Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a), a parolee who is recommitted to prison by the Board as a convicted parole violator receives no credit against his or her sentence for time spent at liberty on parole. As Chapman did not post bail on the new charges, the time he was confined from March 3, 1982 until his recommitment by the Board is properly applied to his new sentence. *See Sturtz v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 71, 453 A.2d 1093 (1983).

Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984). We are also aware that the Board bears the burden of proof of showing, by a preponderance of the evidence, that Chapman violated his parole. *See* 37 Pa. Code §71.2(20); *cf. Commonwealth v. Brown,* 503 Pa. 514, 469 A.2d 1371 (1983) (Commonwealth has burden of establishing a violation of probation by a preponderance of the evidence).

Chapman's first contention is that the Board's order is not supported by substantial evidence. "Substantial evidence" has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *E.g. Consolidated Edison Co. v. NLRB,* 305 U.S. 197 (1938); *Norfolk & Western Railway Co. v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 413 A.2d 1037 (1980). It requires something more than a scintilla creating a mere suspicion of the existence of the fact to be established. *Barnes v. Pennsylvania Department of Justice,* 70 Pa. Commonwealth Ct. 47, 452 A.2d 593 (1982).

Our review of the record as a whole compels us to conclude that there is substantial evidence to support the Board's finding that Chapman violated his parole. The certified copies of Chapman's Philadelphia County convictions are sufficient, by themselves, to support his recommitment as a convicted violator and as a technical violator for engaging in assaultive behavior. The testimony of Armstrong, if believed, is sufficient to support the finding that Chapman violated his parole by possessing a firearm.

We reject Chapman's assertion that there cannot be substantial evidence due to the presence of conflicting and inconsistent evidence in the record. The mere fact that there is evidence in the record which conflicts with evidence which supports the Board's finding does not mean those findings are not sup-

ported by substantial evidence. *See Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977) (Board's findings based on substantial evidence are not erroneous simply because conflicting evidence was received). It is a well-established principle of administrative law that questions of resolving conflicts in the evidence, witness credibility and evidentiary weight are properly within the exclusive discretion of the fact-finding agency, here the Board, and are not matters for a reviewing court. *See generally Kundrat v. Pennsylvania State Dental Council and Examining Board*, 67 Pa. Commonwealth Ct. 341, 447 A.2d 355 (1982) (revocation of dentist's license to practice); *Boughter v. Pennsylvania Department of Public Welfare*, 55 Pa. Commonwealth Ct. 521, 423 A.2d 806 (1980) (discontinuance of disability benefits); *Maple Press Co. v. Workmen's Compensation Appeal Board (Anderson)*, 54 Pa. Commonwealth Ct. 549, 422 A.2d 722 (1980) (resolving conflicts in testimony at workmen's compensation hearing is the province of the referee and not a reviewing court); *Geesey v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 376, 381 A.2d 1343 (1978) (it is the function of the Unemployment Compensation Board, as fact-finding agency, to resolve conflicts in testimony). We have already held that administrative law principles govern the Board's parole revocation proceedings which are civil administrative hearings rather than criminal prosecutions. *See Gundy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984). Reviewing the alleged inconsistencies between Armstrong's testimony at the 1983 parole hearing at SCI-Graterford and Armstrong's prior testimony given at Chapman's March 12, 1982 criminal preliminary hearing at Phila-

delphia City Hall,[14] we cannot say that the Board abused its discretion in finding Armstrong a more credible witness than Chapman. The differences in the testimony were minor and were adequately explained by Armstrong at the June 2, 1983 parole hearing during defense counsel's cross-examination.

We also reject Chapman's assertion that his guilty plea was illegally induced and insufficient to support the Board's order. This assertion is patently frivolous. The issue of the validity of Chapman's guilty plea was not before the Board nor is it before this Court. It is now well-settled that a parolee cannot use a parole revocation hearing to relitigate issues which have already been determined against him in other forums. *See Morrissey v. Brewer*, 408 U.S. 471, 490 (1972); *Coades v. Pennsylvania Board of Probation and Parole*, 84 Pa. Commonwealth Ct. 484, 493-94, 480 A.2d 1298, 1303-4 (1984). The Board is not required to look beyond the face of Chapman's new Philadelphia County convictions which occurred as a result of his negotiated plea of guilty. While Chapman may introduce evidence as to why he pled guilty to the new charges in mitigation, such evidence may not be used to collaterally attack the fact of the new conviction.[15]

---

[14] The inconsistency about which Chapman strongly complains involves Armstrong's testimony that he observed Chapman with a gun. In the portion of the March 12, 1982 preliminary hearing transcript read into the record, Armstrong at one point states he did not see Chapman with a gun in his possession. Under cross-examination, Armstrong stated that the weapon was not visible when he first observed Chapman but he had seen Chapman with the gun some time later.

[15] This information may be presented by a parolee to show that, despite the new convictions, parole remains a viable means of rehabilitation and deterring future antisocial conduct. *See Simmons*

Chapman's final contention is that the amount of backtime imposed by the Board is so unduly harsh and excessive that it constitutes an abuse of discretion. Chapman concedes, as he must, that the General Assembly has granted the Board broad discretion in parole matters. *See* Sections 17, 19, 21 and 21.1 of the Parole Act, 61 P.S. §§331.17, 331.19, 331.21 and 331.21a; *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 92-93, 461 A.2d 342, 343 (1983). The Board adopted its presumptive ranges for parole violations in order to provide a structual framework for the exercise of that discretion. *See* 37 Pa. Code §§75.1(b) and 75.3(b). The backtime Chapman received as a result of his parole violations is well within the Board's published presumptive ranges.[16]

In reviewing the discretionary acts of an agency, we have held that we will only overturn the actions of the agency where the agency acts in bad faith, fraudulently, capriciously or committed an abuse of its power. *See Kerbeck v. Pennsylvania Department of Transportation, Bureau of Traffic Safety,* 74 Pa. Commonwealth Ct. 300, 302, 459 A.2d 908, 909 (1983); *Holloway v. Pennsylvania Department of Public Welfare,* 67 Pa. Commonwealth Ct. 6, 9, 445 A.2d 1329, 1331 (1982); *Banks v. Pennsylvania Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197, 200 (1971). Due to the broad discretionary powers granted the Board, we will only find that the Board

---

*v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 283, 285, 459 A.2d 897, 898 (1983).

[16] Chapman received eighteen months backtime as a technical violator which is within the presumptive range of six to eighteen months for violations of general parole conditions 5B and 5C. The thirty months backtime Chapman received for the Aggravated Assault conviction is within the published presumptive range of twenty-four to thirty-three months for that offense.

made an arbitrary, capricious or unreasonable determination in the absence of substantial evidence in the record to support that determination. *Cf. Appeal of Mutual Supply Co.,* 366 Pa. 424, 426, 77 A.2d 612, 614 (1951) (no abuse of discretion where denial of variance is supported by substantial evidence); *Pennsylvania Insurance Department v. Johnson,* 211 Pa. Superior Ct. 138, 142, 238 A.2d 23, 25 (1967), *aff'd* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied Johnson v. Pennsylvania Insurance Department,* 394 U.S. 1003 (1969) (no abuse of discretion where Department's rate decision is supported by substantial evidence). As we have already determined that the Board's order is supported by substantial evidence and we have found no violation of law, we reject Chapman's contention that the mandated forty-eight months backtime amounts to an abuse of discretion.

Having found substantial evidence in the record supporting the Board's order, no violations of law or constitutional rights, and no abuse of discretion, we will affirm the order of the Board.

ORDER

AND Now, the 7th day of November, 1984, the order of the Pennsylvania Board of Probation and Parole at Parole No. 586-P, dated August 16, 1983, which denies administrative relief is hereby affirmed.