Ralph Edward Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 14, 1984, before Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Scott C. Lash, Fry & Golden,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for Respondent.

Opinion by Judge Doyle, October 2, 1985:

Ralph E. Wagner (Petitioner) was paroled on June 19, 1982, after serving six months of a six to forty-

eight month sentence. On August 10, 1983, Petitioner was fired from his job at Prestolite, and on August 17, 1983, he was arrested and charged with three counts of possession, possession with intent to deliver, and delivery of a controlled substance. On December 1, 1983, the Pennsylvania Board of Probation and Parole (Board) ordered Petitioner recommitted as a technical parole violator. Backtime was imposed in the amount of twelve months for possession and sale of narcotic drugs (violation of parole condition number 5(a)), and eighteen months for failure to maintain employment (violation of special parole condition number 6). Petitioner filed a request for administrative relief with the Board on December 22, 1983, and on January 24, 1984 his request was denied. Petitioner now appeals to this Court, contending that the Board erred in its determination that he violated special condition number 6 of his parole.

Petitioner admit that he was fired from his employment. He argues, however, that the Board incorrectly relied on the hearsay testimony of his parole agent regarding the *reason* that he was fired. The agent testified at the parole violation hearing that the personnel director at Petitioner's place of employment had informed the agent that Petitioner had been fired for frequent absenteeism with poor excuses. The agent also presented, without foundation, a document from the employer which purportedly indicated that Petitioner had missed work without calling in on August 9, 1983 and had called in sick on August 10, 1983. Petitioner contends that he was fired unjustly after he called in sick for a sprained ankle.

The Board, addressing the same arguments now raised, concluded that Petitioner's admission at the preliminary hearing that he had been fired from his employment was sufficient evidence on which to base

the finding that he had violated special condition number 6, and additionally, that the referee had found good cause for not requiring the presence of the personnel director of Prestolite at the hearing.

The governing legal principle is that this Court must affirm the Board's recommitment order as long as it is supported by substantial evidence in the record. *Lantzy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984).

We must first point out that Petitioner's actual parole condition was that he *must* maintain employment, not that he must merely *try* to maintain employment. The Board argues that this condition must be read in a strictly literal sense, citing *Zimmerman v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 282, 476 A.2d 1016 (1984). In *Zimmerman*, a parolee attempted to explain his violation of a special parole condition, which required him to remain within his parole district, by saying that he had made a wrong turn and inadvertently crossed the district boundary. We said there, "We believe that we are not empowered in our appellate capacity which . . . has a limited scope of review, to add another element, *i.e.*, intent, to this clearly stated parole condition." *Id.* at 285, 476 A.2d at 1018.

We believe *Zimmerman* must be distinguished from the instant case. Whether one stays in one place or leaves is, generally, purely a matter of one's own free will; whether one is or is not employed, on the other hand, may be totally outside one's control. The Board possesses broad power and authority to fashion special conditions of parole when it deems such conditions to be necessary for the protection of the prospective parolee and society at large. *Barlip v. Pennsylvania Board of Probation and Parole*, 45 Pa. Com-

monwealth Ct. 458, 405 A.2d 1338 (1979); Section 23 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.23; 37 Pa. Code §63.5. Nevertheless, we believe the fashioning of a condition over which a parolee would have no control would amount to an abuse of this authority. In this case, therefore, we will interpret the condition "must maintain employment" as "must make a good faith effort to maintain employment." Thus, in order to prove a violation of the condition the Board was required to demonstrate that Petitioner was at least somewhat at fault for his unemployed state, and that he was not merely fired at the whim of his employer.

Petitioner correctly argues that the only evidence of fault was the hearsay testimony presented by the parole agent. By the Board's own regulation, the appearance at a parole revocation hearing is required of "any persons upon whose testimony the alleged violations are based, unless the Board or its designated Examiner has specifically found good grounds for not allowing confrontation." 37 Pa. Code §71.2(16). The admission of hearsay evidence at a revocation hearing over objection without a finding of good cause constitutes reversible error. *Gartner v. Pennsylvania Board of Probation and Parole,* 79 Pa. Commonwealth Ct. 141, 469 A.2d 697 (1983). Whether good cause exists is to be determined on a case by case basis. *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984).

In this case, the parole agent submitted a handwritten notation from the personnel director which indicated that he would not be attending the hearing because he would be "too busy." The referee clearly stated in his decision that a potential interference with the employment of the witness was good cause for not requiring his presence.

Although we agree that a witness' inability to leave work might amount to good cause for not requiring his personal appearance, we do not believe that a notation which states that a witness is "too busy" is sufficient evidence upon which to base a conclusion that a witness *is* unable to leave work. Furthermore, we fail to see how being too busy at work would prevent the taking of a deposition. We conclude, therefore, that the record does not contain sufficient facts to support a finding of good cause for admitting the hearsay testimony in this case. Accordingly, we must reverse the decision of the Board and remand for a new hearing on the issue of Petitioner's violation of special condition number 6. *Grello.*

Although this decision makes it unnecessary to reach Petitioner's alternative argument that eighteen months of backtime is an unduly harsh and excessive penalty for violation of condition number 6, we will do so nonetheless for the sake of judicial economy. The amount of backtime imposed for parole violations is left to the exclusive discretion of the Board. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). As long as a computation of backtime falls within the presumptive ranges set by the Board in its regulations, this Court will not find an abuse of that discretion. *See Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984); 37 Pa. Code §75.3(b). Although there are no specific presumptive ranges to be followed when a parolee violates a special condition, such violations must be dealt with at least as severely as the least serious of the general conditions. *Lewis v. Pennsylvania Board of Probation and Parole,* 74 Pa. Commonwealth Ct. 335, 340, 459 A.2d 1339, 1342 (1983); 37 Pa. Code §75.3(f). The Board's recommit-

ment order states that the presumptive range for violation of special condition number 6 was three to eighteen months. This range has previously been stated by the Board as the "presumptive range" for violation of a special condition. *See Lantzy*, 82 Pa. Commonwealth Ct. at 631, 477 A.2d at 21. Presumably this range was chosen because three months and eighteen months are respectively the shortest and the longest lengths of time established under the presumptive ranges for violations of general parole conditions. An agency's interpretation of its own regulations is controlling unless clearly erroneous or inconsistent with its statutory authority. *Id.* at 631 n.10, 477 A.2d at 21 n.10. Under these circumstances, we conclude that the imposition of eighteen months backtime would be entirely proper and within the Board's discretion.

ORDER

Now, October 2, 1985, the Order of the Pennsylvania Board of Probation and Parole, dated December 1, 1983, Parole No. 9266-P, is hereby vacated and the record is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.