John W. Sigafoos, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 18, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James V. Fareri, Mervine, Brown, Newman, Williams and Mishkin, P.C.,* for petitioner.

*Robert Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 30, 1986:

This is an appeal by John W. Sigafoos who petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board parole revocation order. That revocation order revoked his parole and ordered him recommitted to prison as a technical parole violator to serve twelve months on backtime. We affirm.

Sigafoos was paroled by the Board on June 17, 1983 from the Northampton County Prison where he was serving a sentence of one and one-half to four years imposed by the Court of Common Pleas of Northampton County for his convictions of Burglary[1] and Theft.[2] The original maximum term expiration date of that sentence was December 16, 1985.[3] On July

---

[1] 18 Pa. C. S. §3502.

[2] 18 Pa. C. S. §3902.

[3] While the original maximum term of Sigafoos' one and one-half to four year sentence, December 16, 1985, is past, he has been convicted of new criminal charges and the Board has revoked his parole and recommitted him to prison as a convicted parole violator to serve an additional twelve months on backtime. As a result of that Board action, Sigafoos' maximum term is extended pursuant

20, 1983, he was given written permission to travel from the Allentown Parole District[4] to Mount Pocono, Monroe County,[5] for the purpose of locating employment. The travel permission was only for July 22, 25, and 26, 1983 and specified as one of the special conditions that Sigafoos was required to return to his home in Easton on a daily basis.

On the evening of July 22, 1983 he traveled to the Mount Pocono area in the company of his girlfriend to check out the possibility of employment at a truck stop. On his return trip to Easton, which would normally take between forty-five minutes to an hour, he was stopped by a police officer in Stroud Township, Monroe County, at approximately 5:00 o'clock on the morning of July 23, 1983, and detained in the Monroe County Prison.[6] His parole agent, George W. Johnson, visited Sigafoos while he was in Monroe County on July 23, 1983 at which time he lodged a warrant and

to Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a), which denies convicted parole violators credit against their original sentences for any time spent "at liberty on parole." Therefore, the issues presented by this appeal are not mooted by the passage of the original maximum term expiration date.

[4] The Allentown Parole District comprises the counties of Berks, Bucks, Lehigh, Montgomery, Northampton, and Schuylkill. Pennsylvania Board of Probation and Parole-1982 Annual Report, p. 24.

[5] Monroe County is located within the Scranton Parole District. *Id.*

[6] Sigafoos was stopped by Stroud Township Police for motor vehicle violations while traveling south on U.S. Route 611 towards Easton. Criminal charges were subsequently lodged against him and he was eventually convicted in Monroe County Common Pleas Court of Theft, Receiving Stolen Property (18 Pa. C. S. §3925), and Criminal Conspiracy (18 Pa. C. S. §903). He was sentenced to concurrent terms of totaling two to four years as a result of those convictions.

detainer against him and subsequently charged him with violating general parole condition 1.[7]

The Board originally afforded Sigafoos a parole Violation Hearing at the Monroe County Prison on September 15, 1983 after which it ordered his parole revoked and recommitted him to prison as a technical parole violator. On September 28, 1984, this Court vacated that revocation order and remanded the matter to the Board for a rehearing. That rehearing was held before a Board hearing examiner on January 3, 1985 at the State Correctional Institution at Dallas (SCI-Dallas). Sigafoos, Lorraine Roxberry, a defense witness, and Agent Johnson testified at the hearing regarding the special conditions imposed upon the travel permission granted on July 20, 1983. As a result of that hearing, on February 27, 1985, the Board ordered Sigafoos recommitted as a technical parole violator to serve twelve months on backtime for violation of general parole condition 1. An administrative appeal pursuant to 37 Pa. Code §71.5(h) was taken to the Board from that order which was denied on April 11, 1985 and a timely petition for review to this Court followed.

In this appeal, Sigafoos contends that (1) the Board's finding that he traveled outside of his parole district without prior written permission is not supported by substantial evidence; and (2) the Board erred as a matter of law when it found him in violation of his parole for unintentional conduct. Of course, in reviewing a parole revocation order of the Board, our scope of review is limited to determining whether necessary findings are supported by substantial evidence,

[7] General parole condition 1 mandates that parolees are not to leave the district within the Commonwealth to which they are paroled without the prior written permission of the parole supervision staff. 37 Pa. Code §63.4(1).

an error of law committed, or whether any constitutional rights of the parolee have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Cox v. Board of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985).

In parole violation proceedings, the burden of proof is upon the Board to show by a preponderance of the evidence that the parolee violated the terms and conditions of parole. *Hossback v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 344, 471 A.2d 186 (1984). A preponderance of the evidence is such proof as leads the fact-finder, here the Board, to find that the existence of a contested fact is more probable than its nonexistence. *Commonwealth v. Del Conte,* 277 Pa. Superior Ct. 296, 419 A.2d 780 (1980). Here, the Board presented the testimony of Agent Johnson who testified that he gave Sigafoos permission to travel to Monroe County solely for the purpose of looking for employment. Johnson further testified that he placed several special conditions on that travel permission, one of which was that Sigafoos was to return daily to his home in Easton. By daily, Johnson testified that he told Sigafoos that he had to be home by midnight. A copy of the travel permit, introduced into evidence at the January 3, 1985 hearing and marked as Board exhibit "S-1," clearly shows this special condition. Also, the defense witness, Ms. Roxberry, testified that she understood from Agent Johnson's conversation with Sigafoos regarding the travel permit that he would have to be home by midnight.[8]

---

[8] Lorraine Roxberry's testimony as to this requirement reads as follows:

COLON: (Parole Agent) Were you present when the conversation between Mr. Sigafoos, Mr. Johnson, and yourself ensued concerning the obtaining of permission to travel outside the District?

ROXBERRY: Permission, yes.

We have previously defined substantial evidence to be such evidence as a reasonable mind will accept as adequate to support a conclusion. *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). The testimony of Agent Johnson and Ms. Roxberry, if believed, is substantial evidence to support the Board's findings that the travel permit given by Agent Johnson expired as of midnight on July 22, 1983 and that Sigafoos violated his parole by being outside of his parole district without prior written permission. While the testimony offered by Sigafoos contradicts that of Johnson and Roxberry on the time issue, the presence of such conflicting testimony does not deprive the Board's finding of substantial evidentiary support. *See Chapman,* 86 Pa. Commonwealth Ct. at 54-55, 484 A.2d at 416; *Kells v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977). It is the function of the Board, as the ultimate fact-finder, and not that of an appellate court, to evaluate witness credibility, resolve conflicts in the evidence, and assign evidentiary weight. *Chapman,* 86 Pa. Commonwealth Ct. at 55, 484 A.2d at 416; *Kundrat v. State Dental Council and Examining Board,* 67 Pa. Commonwealth Ct. 341, 447 A.2d 355 (1982). Therefore, Sigafoos' evidentiary challenge to the Board's revocation order is without merit.

---

COLON: Okay, and for what purpose, to the best of your recollection, since you were part of the conversation, was permission requested for?

ROXBERRY: Employment.

COLON: Okay. To the best of your recollection, was any time frame given to Mr. Sigafoos in terms of his departing and his returning to his home?

ROXBERRY: The only thing I can really remember was midnight—had to be back by midnight.

N.T. (1/3/85) p. 14, R. 22.

Sigafoos' second contention is that the Board failed to give due consideration to the mitigating circumstances surrounding his presence in Monroe County in the early morning hours of July 23, 1983. Although poorly made, the gravamen of this argument seems to be his belief that the Board cannot find him in violation of his parole for unintentional conduct. Both he and Ms. Roxberry testify at some length as to the problems which they were experiencing with their vehicle traveling to and from Mount Pocono. It is his alternative argument that he would have been home by midnight had his vehicle not broken down repeatedly which finally resulted in his being stopped by local police just short of the Northampton County line. This contention, too, is without merit.

The argument Sigafoos makes here is similar to that put forth by the parolee in *Zimmerman v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 282, 476 A.2d 1016 (1984). There, the parolee, who was also charged with being outside of his parole district without prior written permission, alleged that he took a wrong turn and, inadvertently, crossed the parole district boundary by entering Northumberland County where he was involved in a motor vehicle accident. Writing for the Court, Judge BLATT held that due to this Court's limited scope of review, we are unable to add another element, *i.e.* intent, to a clearly stated parole condition. The Board's action in revoking Zimmerman's parole was proper although the Board did not establish that his conduct was intentional. *Id.* at 285, 476 A.2d at 1018. *See also Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 490 A.2d 942 (1985), *allocatur denied,* No. 279 W.D. Allocatur Dkt. 1985 (filed November 12, 1985). The Board could, therefore, properly find Sigafoos in violation of parole for leaving his parole district without prior writ-

ten permission without being required to show intentional conduct on his part. We also note that the record indicates that Sigafoos did not *leave* Mount Pocono until between 3:25 A.M. and 3:45 A.M. on the morning of July 23, 1983 as Ms. Roxberry had a conversation with a police officer in Mount Pocono around 3:00 o'clock concerning their vehicle.

We likewise find no error of law or abuse of discretion on the part of the Board in failing to extend the travel permission granted by Agent Johnson for July 22, 1983 to the early morning hours of July 23, 1983 due to Sigafoos' alleged misunderstanding as to the requirement that he return to his residence daily. When the Board granted Sigafoos parole he was restricted to a specified area within the Commonwealth outside of which he was prohibited from traveling without prior written permission. 37 Pa. Code §63.4 (1). It is the obligation of every parolee to ensure that he is familiar with the terms and conditions of his parole. *Benefiel v. Pennsylvania Board of Probation and Parole,* 57 Pa. Commonwealth Ct. 401, 426 A.2d 242 (1981). That same obligation is applicable to special conditions and instructions imposed by the Board or its agents. The travel permission granted to Sigafoos by his parole agent was clearly valid only for certain days and he was to return to his residence on a daily basis. If he was uncertain or confused about the extent or duration of his travel permit, then he had an obligation to inquire of his parole agent so as to ensure that he completely understood where he was permitted to travel and how long he was permitted to stay there. *See* 37 Pa. Code §63.5(b).[9] If Sigafoos had a

---

[9] 37 Pa. Code §63.5(b) provides that:

(b) If problems arise or questions occur, concerning the conditions of parole, *the parolee shall consult with the parole agent,* as it is the responsibility of the latter to help the parolee in the interpretation of the conditions of parole.

question as to the meaning of the requirement that he return to his residence "daily," he had an obligation to inquire of his agent exactly what was expected. He failed to do so, relying upon his own interpretation, at his peril and cannot now claim ignorance or misunderstanding to excuse his failure to abide by the conditions of his travel permit.

Having found the Board's findings supported by substantial evidence, no errors of law committed nor any of the parolee's constitutional rights violated, we shall affirm the Board's denial of administrative relief.

### ORDER

Now, January 30, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 0302-R, dated April 11, 1985, which denied administrative relief to John W. Sigafoos, is hereby affirmed.

---

If a parolee is unable to contact his parole agent, he should contact the agent in charge of the district parole office. (Emphasis added.)