507 A.2d 907

Howard H. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 18, 1985, to Judges
MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Charles A. Bierbach,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with
him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, April 10, 1986:

Petitioner Howard Martin appeals an order of the
Board of Probation and Parole revoking his parole for
technical parole violations. He claims that the Board
improperly ignored his acquittal in criminal court of
these same charges, thus violating his constitutional
right against double jeopardy. The petitioner contends
further that the Board erred in finding him to have vio-
lated his parole agreement by missing several outpa-
tient treatment appointments.

Our review is limited to determining whether the
adjudication of the Board is supported by substantial
evidence, is in accordance with the law and is observant
of the petitioner's constitutional rights. *Zazo v. Pennsyl-*

*vania Department of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

The questions for review are whether the Board violated the petitioner's constitutional rights against double jeopardy when it revoked the petitioner's parole for the same incident in which a jury exonerated him of all criminal charges, and whether the Board erred in finding that petitioner violated his parole conditions by not attending out-patient counselling. For the reasons that follow, we affirm on the issue of double jeopardy and reverse on the issue of out-patient non-compliance.

"It is clear from an examination of the general conditions of parole that actual criminal conduct is not necessary in order to establish a technical parole violation." *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa. Commonwealth Ct. 547, 555, 490 A.2d 942, 947 (1985). In *Hawkins,* the petitioner while on parole was apprehended in a stolen car, a search of which revealed a .38 caliber revolver. He was arrested and charged with unauthorized use of a motor vehicle, Violating the Uniform Firearms Act (VUFA) and several summary offenses under the Vehicle Code. He was acquitted on the VUFA charge. At the parole violation/revocation hearing, Hawkins' parole was revoked for violating the conditions of his parole which prohibited him from owning or possessing any firearm or other weapons. We held that the testimony that Hawkins was in possession of a firearm, if believed, would be sufficient to support a finding that Hawkins violated his parole by being in possession of a firearm. This result was proper despite the fact Hawkins was acquitted on criminal charges resulting from the same incident. The Board did not sentence Hawkins as a convicted parole violator[1] to serve additional time for criminal acts he committed while on parole. Rather, the Board found

---

[1] 61 Pa. C.S. §331.21(2).

him to be a technical parole violator. The Board is authorized by statute to recommit him for technical violations regardless of a criminal conviction.[2]

> The general conditions of parole were established by the Board pursuant to a statutory mandate found in Section 23 of the Parole Act, 61 P.S. §331.23. Pursuant to Section 23, the Board promulgated regulations establishing standards of conduct governing the behavior of parolees under the Board's supervision. These standards known as 'general conditions of parole,' are found at 37 Pa. Code §63.4.... For a parolee to violate this condition of parole, no criminal conduct or behavior is required.

*Hawkins,* at 555, 490 A.2d at 947.

> At a criminal trial the burden is on the Commonwealth to establish all of the requisite elements of the offense charged beyond a reasonable doubt but at a revocation hearing the Commonwealth need only prove a violation of parole or probation by a preponderance of evidence, even if such evidence is inadmissible at trial.

*Hossback v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 344, 347, 471 A.2d 186, 188 (1984). "The quantum of proof necessary to establish grounds for parole revocation is significantly less that that required to sustain a criminal conviction". *Commonwealth v. Rossetti,* 255 Pa. Superior Ct. 524, 388 A.2d at 1090 (1978). "This lighter burden of proof reflects the policy of a parole revocation hearing whereby the emphasis is whether parole is an effective tool to promote rehabilitation or deter 'future anti-social conduct' ". *Commonwealth v. Kates,* 452 Pa. 102, 115, 305 A.2d 701, 708 (1973).

---

[2] 61 Pa. C.S. §331.2(b).

The petitioner contends that *Hossback* is distinguishable from the present case. He suggests that since the evidence in *Hossback* was suppressed at the trial level, no findings of fact were made hence the Board was not bound by the court's findings and free to make their own findings regarding the events which triggered the parole revocation hearing. Here, the petitioner contends, the Board cannot substitute its finding for those of a jury. It is true that in *Hossback* the evidence was suppressed but later admitted by the Board at the revocation hearing. We do not agree, however, with this limited interpretation of *Hossback*.

The petitioner points to *Commonwealth v. Grazier*, 481 Pa. 622, 393 A.2d 335 (1978) contending its analysis and application of double jeopardy is analogous to the present case. We disagree. In *Grazier*, the petitioners were acquitted in federal court for mail fraud. The Pennsylvania Supreme Court ultimately held that the Commonwealth was barred under double jeopardy from prosecuting the petitioners, based on the same facts, in the state court for arson *since the Commonwealth's interests were adequately protected in the federal court* case. Analogizing *Grazier* to the present case both ignores the distinction between criminal and administrative reviews and inappropriately equates the issue addressed at the petitioner's criminal trial with the issue considered at the parole revocation hearing. "State parole revocation proceedings have been held by the United States Supreme Court as civil administration hearings and not part of a criminal prosecution." *Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 484 (1972). Here, the elements of rape, indecent assault and simple assault were not proved to the jurors beyond a reasonable doubt in the criminal trial. At the parole revocation hearing the parole board believed that the testimony of Ms. Kimberly Moore and the

petitioner's own admissons proved that the elements of condition 10 were violated. Condition 10, "overt behavior which threatens or presents a clear and present danger to yourself and others", the condition which petitioner is charged with violating, is much more encompassing than the elements of rape, indecent assault and simple assault for which the petitioner was tried and acquitted. The Board's finding that this condition was breached in no way subjects petitioner to double jeopardy.

The petitioner asks us to find that the Board erred in finding that petitioner's failure to attend out-patient counselling was in violation of a technical parole condition. He contends that after he reported his work conflict to his parole officer's supervisor, he was directed to remain on the job. This is supported by the record. The Board, in its findings, reasoned that since the petitioner had once before been recommitted for violating the same condition, had not attempted to re-schedule his missed appointments, and was never told *not* to attend sessions, he was in violation of the condition. We disagree. The testimony of Mr. Lucey, the petitioner's parole officer, on pages 13, 14, 15 and 16 of the Violation Hearing Transcript, clearly indicates that petitioner attended out-patient sessions regularly until May of 1980 at which time he missed several appointments because of a work conflict. He contacted Mr. Lucey's supervisor, Mr. Mullen, to request permission to miss work to attend counselling. He was advised against this and informed that Mr. Mullen would discuss petitioner's difficulty in complying with the out-patient counselling parole condition with Mr. Lucey. Mr. Lucey was on sick leave during the entire month of May. He was neither available to contact or be contacted by Mr. Martin. Mr. Mullen never discussed with nor informed Mr. Lucey of his contact with Mr. Martin. Moreover, Mr. Lucey

admits to not having received Mr. Mullen's note that Mr. Martin contacted him until after petitioner's arrest in July of 1980. (RR 16). The record does not include any evidence which contradicts the poor communication between the petitioner's parole officer and his supervisor. Petitioner's parole officer, in fact, admits this but offers no further explanation. Petitioner's conclusion that he need not have attended counselling until his parole officer worked to resolve the conflict with his employment is indeed justified by the parole officer's own testimony. The Board erred in holding the petitioner responsible for violating this condition. That the petitioner missed several appointments prior to contacting the parole officer is irrelevant because it was petitioner's concern over these missed appointments which prompted him to contact his parole officer.

In a recent decision we addressed the issue of parole conditions which purport to mandate compliance by parolees in situations over which they have no control. In *Wagner v. Pennsylvania Board of Probation and Parole*, 92 Pa. Commonwealth Ct. 132, 498 A.2d 1007 (1985), we refused to interpret literally a parole condition which read "must maintain employment" and concluded the phrase meant "must make a good faith effort to maintain employment."

We affirm the Board's decision committing petitioner to eighteen months back time for violation of Condition # 10 and we reverse the Board's decision to recommit the petitioner on the basis of violation of Condition # 11.

## ORDER

Now, April 10, 1986, it is hereby ordered that the provision of the Final Administrative Order of the Board of Probation and Parole dated April 22, 1981 to Parole No. 1369-H, which commits Mr. Howard Martin as a

technical parole violator to serve eighteen (18) months back time for violation of Condition # 10 is affirmed. It is further ordered that the provision of that Order which recommits Mr. Howard Martin for eighteen (18) months back time for violation of Condition # 11 is reversed.