IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald D. Hill,                :
          Petitioner         :
                           :
        v.                 :
                           :
Pennsylvania Parole Board,    :   No. 148 C.D. 2022
          Respondent    :   Submitted:  November 23, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED:  February 22, 2023

Donald D. Hill (Hill) petitions this Court for review of the Pennsylvania Parole Board's (Board) January 25, 2022 order affirming the Board's order mailed December 30, 2020.  Hill presents three issues for this Court's review: (1) whether the Board violated Section 6138(a)(5.1) of the Prisons and Parole Code's (Parole Code)[1] sentence service order; (2) whether the Board met its burden of proving that Hill's parole revocation hearing was timely under Section 71.4(1)(i) of the Board's Regulations;[2] and (3) whether the Board's failure to follow the Parole Code's sentence service order and untimely revocation hearing implicated his due process rights.  After review, this Court affirms.

Hill was serving a sentence for robbery, possession of an instrument of crime, and aggravated assault (Original Sentence) at the State Correctional Institution (SCI) at Coal Township when the Board paroled him to a community

---

[1] 61 Pa.C.S. § 6138(a)(5.1).
[2] 37 Pa. Code § 71.4(1)(i).

corrections facility on May 6, 2010. *See* Certified Record (C.R.) at 1-11, 62. At that time, his Original Sentence maximum release date was April 9, 2019. *See id*. at 2, 6-7. As a condition of his parole, Hill consented to the following special condition:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

*Id*. at 8. Hill did not object to the above-quoted parole condition.

Hill remained at liberty on parole until July 25, 2014, when the Philadelphia Police Department arrested him for drug, conspiracy, and firearms possession charges (State Charges), and detained him in the Philadelphia County prison. *See id*. at 13, 62, 72. That same day, the Board issued a warrant to commit and detain Hill pending disposition of the State Charges. *See id*. at 12.

After an August 8, 2014 preliminary hearing on the State Charges, the matter was bound over for court. *See id*. at 93-94. Hill did not post bail related to the State Charges. *See id*. at 93. On September 5, 2014, the Board issued a decision to detain Hill pending disposition of the State Charges. *See id*. at 13-15.

On July 8, 2015, Hill was indicted on drug charges (Federal Charges) stemming from a November 30, 2010 offense, and arrested by the United States Marshals Service (U.S. Marshals). *See id*. at 19, 25, 105. On January 25, 2017, Hill pled guilty to the Federal Charges. *See id*. at 27, 110. On January 27, 2017, Hill was sentenced to 84 months of incarceration on the Federal Charges and was remanded to the U.S. Marshals' custody. *See id*. at 19, 27-32, 34, 59, 110. The Board received verification of Hill's Federal Charges on January 27, 2017. *See id*. at 25, 59.

2

On April 12, 2017, Hill pled guilty to the State Charges, and was sentenced to an aggregate of 11½ to 23 months in Philadelphia County prison, with immediate parole and credit for time served.[3] *See id*. at 19, 23-24, 34, 59. The Board received verification of Hill's conviction on the State Charges on April 12, 2017. *See id*. at 22, 59-60.

On April 1, 2020, the Federal Bureau of Prisons notified the Board that Hill was scheduled for release from his federal sentence on July 24, 2020. *See id*. at 115. The U.S. Marshals returned Hill to Pennsylvania's Department of Corrections at SCI-Greene on July 24, 2020. *See id*. at 19, 85, 113-115. On August 17, 2020, Hill requested a parole revocation hearing before a panel. *See id*. at 38. On September 28, 2020, the Board issued a notice of charges to Hill based on the State and Federal Charges, and scheduled a parole revocation hearing for October 14, 2020. *See id*. at 34-37.

At the October 14, 2020 hearing, Hill admitted to his convictions on the State and Federal Charges, but objected to parole revocation on the basis that he did not serve his state sentence before his federal sentence, as specified in Section 6138(a)(5.1) of the Parole Code,[4] s*ee id*. at 66-67, and because his revocation hearing was not timely held within 120 days of when he became available to the Board. *See id*. at 48. The hearing examiner took Hill's objections under advisement and proceeded to take evidence, including the Criminal Arrest and Disposition Report and the testimony of parole supervisor Thomas Tarrant (Tarrant). *See id*. at 21-22, 49-53. Tarrant testified that Hill requested the panel hearing on August 17, 2020,

---

[3] The sentencing sheet reflects that his 11½- to 23-month sentence was to "run[] concurrent to any other sentence now being served." C.R. at 23.

[4] Hill specifically asserted that he was prejudiced because he remained under the Board's detainer while he completed his entire federal sentence and, thus, lost the opportunity to participate in a residential drug program that could have reduced his sentence by up to 12 months. *See id*. at 66.

3

and the revocation hearing was timely held on October 14, 2020, 82 days from the date Hill was returned to state custody on July 24, 2020. *See id*. at 55.

By decision recorded December 17, 2020 (mailed December 30, 2020), the Board recommitted Hill as a convicted parole violator to serve 30 months of backtime on his Original Sentence. *See id*. at 118-119. On December 18, 2020, the Board issued an order recommitting Hill for 30 months, and recalculating his Original Sentence maximum release date to June 27, 2029. *See id*. at 116-117.

On January 25, 2021, the Board received an Administrative Remedies Form from Hill dated January 5, 2021, wherein Hill argued that the Board erred by concluding that it timely conducted his parole revocation hearing and by permitting Hill to serve his sentence on the Federal Charges before serving the remainder of his Original Sentence. *See id*. at 120-125. On February 5, 2021, the Board received an Administrative Remedies Form from Hill, dated January 24, 2021, in which Hill pointed out errors in the drug quantity referenced in the Board's December 30, 2020 decision and arrest dates related to his Federal Charges. *See id*. at 126-129. By decision recorded December 28, 2021, the Board adjusted its December 30, 2020 decision to reflect the proper quantity of drugs Hill was charged with possessing. *See id*. at 132. On January 25, 2022, the Board denied Hill's administrative appeal. *See id*. at 133-136. Hill appealed to this Court.[5]

Hill argues that the Board violated his due process rights by deferring his parole revocation hearing until after he served his new federal sentence in violation of Section 6138(a)(5.1) of the Parole Code, and by failing to establish that

---

[5] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [*&*] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 (Pa. Cmwlth. 2017).

4

Hill's parole revocation hearing was timely under Section 71.4(1)(i) of the Board's Regulations.

> Section 6138(a) of the Parole Code specifies, in relevant part:
>
> (1) The [B]oard may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere at any time thereafter in a court of record.
>
> . . . .
>
> (5.1) If the offender is sentenced to serve a new term of total confinement by a [f]ederal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the offender shall serve the balance of the original term before serving the new term.

61 Pa.C.S. § 6138(a).[6]

In *Brown*, this Court ruled that when a parolee does not make bail on his federal charges, and is in federal custody both before and after his federal sentencing and when the Board received official verification of his conviction, the Board lacks the jurisdiction to acquire him and recommit him to serve the remainder of his original sentence until after his release from federal custody. *See id.*; *see also Williams v. Pa. Parole Bd.* (Pa. Cmwlth. No. 152 C.D. 2021, filed Dec. 14, 2021); *Patnelli v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1594 C.D. 2019, filed Nov. 23, 2020).[7]

---

[6] Until Section 6138(a)(5.1) of the Parole Code became effective on October 27, 2010, when a parolee was sentenced to serve time in federal prison, he was to serve the new sentence before being recommitted to serve the balance of his original sentence. As of October 27, 2010, Section 6138(a)(5.1) of the Parole Code mandated that original state sentences are to precede new federal sentences.

[7] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). *Williams* and *Patnelli* are cited herein for their persuasive value.

> There is no question that Section 6138(a)(5.1) [of the Parole Code] prescribes the order in which a parolee, such as [Hill], must serve his sentences. However, [based on *Brown*,] the circumstances of the instant matter establish that [Hill] was not entitled to serve his backtime on his [O]riginal state [S]entence prior to serving his new federal sentence, as set forth in Section 6138(a)(5.1) of the Parole Code.

*Williams*, slip op. at 9-10.

Further, this Court acknowledges that "[d]ue process requires that a parolee receive a timely hearing after he is taken into custody for a parole violation." *Dill v. Pa. Bd. of Prob. & Parole*, 186 A.3d 1040, 1044 (Pa. Cmwlth. 2018). To that end, the Board has declared in Section 71.4(1)(i) of the Board's Regulations that "[i]f a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a [f]ederal correctional institution . . . , a revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a [s]tate correctional facility." 37 Pa. Code § 71.4(1)(i).

Section 71.5(a) of the Board's Regulations states: "If the parolee is . . . in [f]ederal custody, the Board may lodge its detainer[,] but other matters may be deferred until the parolee has been returned to a [s]tate correctional facility in this Commonwealth." 37 Pa. Code § 71.5(a). Section 71.5(c)(1) of the Board's Regulations further provides that parole revocation proceedings may be deferred during any period directly or indirectly attributable to "[t]he unavailability of a parolee . . . ." 37 Pa. Code § 71.5(c)(1). Therefore,

> when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to . . . take other action beyond issuing a detainer, is deferred until the parolee is returned to a[n] SCI regardless of when the Board received official verification of a parolee's new conviction.

*Brown*, 184 A.3d at 1025.

6

"When a parolee challenges the timeliness of a revocation hearing, the Board has the burden of proving by a preponderance of the evidence that the hearing was, in fact, timely."[8] *Id.* At the hearing in the instant matter, Tarrant testified for the Board:

> Q. [Hearing Examiner]. . . . [W]as [Hill] available to the Board [between his January 27, 2017 federal sentence and his April 12, 2017 state sentence]?
>
> A. [Tarrant]. According to our records, he was not. This was a case that was followed by the Interstate Office, for a long period of time, before being sent to us to hold the hearing. Everything that we have on record shows that he was not available to the Board, due to being in federal custody.

C.R. at 58. Tarrant described that, pursuant to Board procedure, the Interstate Office tracks offenders serving federal sentences until the offenders are eligible for return to state custody, which was July 24, 2020, in this case. *See id.* at 71. He recalled that the only correspondence between the Board's Interstate Office and its Field Office regarding Hill was email correspondence that Hill would return to state custody on July 24, 2020. *See id.* at 71, 113-114.

> The hearing examiner clarified:
>
> Q. [Hearing Examiner]. So, between January---between the---his federal sentence, January 27, 2017, and his state sentence of April 12, 2017, are you saying he was not in Philadelphia?
>
> A. [Tarrant]. That's what---from the records that we have. Yes, that's correct.
>
> Q. So, he was taken from federal---from the [f]ederal [d]etention [c]enter to the court in Philadelphia and back to the [f]ederal [d]etention [c]enter?

---

[8] "A preponderance of the evidence is such proof as leads the fact-finder, here the Board, to find that the existence of a contested fact is more probable than its nonexistence." *Sigafoos v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1076, 1079 (Pa. Cmwlth. 1986).

A. Specifically, I wouldn't be able to say. It's possible that he could have been writted out for that or took whatever plea for the sentencing. Based upon the information that we have, like I said, it appears as though he wasn't available and was in federal custody, from the time of his conviction.

Q. Is your sentencing---that you introduced two pages for the---referred to as the open, guilty plea. He---do you have an accounting commitment for that sentence? Is there a commitment report?

A. No. I do not. Just that---just the open guilty plea document, showing the sentencing, is what I have there. So, the sentence commencing on [April ]12[,] 2017[,] is what is there.

*Id*. at 60-61.

Hill testified that he remained in Philadelphia County prison from when he was arrested on the State Charges on July 25, 2014, until he was transferred to the Philadelphia federal detention center on August 5, 2015. *See id*. at 62-63, 69. Hill admitted that he remained in the federal detention center until he was sentenced on the Federal Charges on January 27, 2017. *See id*. at 63-64. Hill recalled that he was returned to Philadelphia County prison the first week of February 2017, where he stayed until he was sentenced on the State Charges on April 12, 2017. *See id*. at 64-65, 69. Thereafter, he was returned to the federal detention center. *See id*. at 65.

Here, a preponderance of the record evidence established that, as in *Brown*, Hill was in federal custody before and after his federal sentencing and when the Board received official verification of his new conviction on January 27, 2017.[9] Thus, although the Board had issued a detainer, Hill was not available for the Board

---

[9] Hill relies upon *Fumea v. Pennsylvania Board of Probation & Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), wherein this Court concluded that the Board may not rely upon Section 71.4(1)(i) of the Board's Regulations to delay a parole revocation hearing where an offender is in federal custody but is otherwise *available* to the Board, such as where the offender posted bond on the federal charges. *Fumea* is inapposite where, as here, Hill was not available to the Board.

8

to recommit him to serve his Original Sentence until he completed his Federal Sentence. The Board properly deferred Hill's parole revocation hearing until he was released from federal custody, and timely conducted Hill's revocation hearing 82 days (i.e., within 120 days) from when he became available to the Board for the first time on July 24, 2020. *See Williams*; *see also Patnelli*; *Brown*. Under the circumstances, the Board did not violate Hill's due process rights.

Based on the foregoing, this Court affirms the Board's order.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald D. Hill,                          :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Pennsylvania Parole Board,               :    No. 148 C.D. 2022
                    Respondent           :

## O R D E R

AND NOW, this 22nd day of February, 2023, the Pennsylvania Parole
Board's January 25, 2022 order is affirmed.


_____
ANNE E. COVEY, Judge