Donald Champion, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Submitted on briefs, September 5, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Robert G. Kochems,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, and *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, December 22, 1978:

This matter is before us on a motion for summary judgment filed by the Board of Probation and Parole

(Board). By previous order of this Court, the matter was submitted to us on briefs.

We perceive that the sole issue raised for our consideration here is the adequacy and accuracy of the notice to Donald Champion (Petitioner) of the basis for the charge of parole violation filed against the Petitioner.

In his petition to us, the Petitioner averred:

17. That being outside the jurisdiction of the State Board of Probation and Parole is the basis of the charge of the parole violation against the Petitioner and the reason for the revocation of his street time and reincarceration in the state penal system.

The Board filed an answer to that allegation as follows:

17. Denied that being outside the jurisdiction of the State Board of Probation and Parole is the basis of the charge of the parole violation against the Petitioner and the reason for the revocation of his street time and reincarceration in the State penal system.

In the new matter included as a part of the Board's answer, to which Petitioner filed no reply, are the following allegations:

28. On March 8, 1977, a parole violation warrant was filed, *charging technical parole violations.*

. . . .

32. Based upon this revocation hearing, Respondent Board took an action as recorded on April 13, 1977, to recommit Petitioner *as a convicted parole violator,* when available. (Emphasis added.)

Petitioner's brief argues that the Board's *notice* to the Petitioner of the hearing to revoke his parole

stated that the basis for revocation was a technical violation, *i.e.,* the Petitioner was out of the Board's jurisdiction. While there is some doubt in our minds that the allegation we have quoted from the petition for review adequately sets forth the issue raised in Petitioner's brief, we believe that in a motion for summary judgment such doubts should be resolved against the moving party.

*Morrissey v. Brewer,* 408 U.S. 471 (1972), has held that, as a part of due process guaranteed to a parolee by the fourteenth amendment of the United States Constitution, a parolee must be given notice that a revocation hearing will take place and the notice must specify the parole violations which are alleged to have occurred. In regulations adopted by the Board concerning procedures for violation of parole conditions, it is specified that a parolee shall be notified both orally and in writing of the charges against him "specifying the condition or conditions violated." 37 Pa. Code §71.2(1)(i).

Therefore, if the notice to the Petitioner in the instant case alleged one ground for violation of parole and the Board actually revoked his parole on another ground, the Petitioner's due process rights have been violated.

Our problem in dealing with the motion now before us is that we really do not know what the notice to the Petitioner actually said. We do know that the parole violation warrant filed against the Petitioner charged technical parole violations, supra, and we do know that whatever issue was raised by paragraph 17 in the petition for review has been denied. Under such circumstances we must conclude that there is a genuine issue of a material fact and that the Board is not entitled to judgment as a matter of law under Pa.R.C.P. No. 1035.

However, in the interest of expediting a resolution of the matter without further delay, we will afford the Board an opportunity to cure the present defect in the pleadings by the filing of an appropriate affidavit setting forth the exact nature of the notice given to the Petitioner. We will also afford the Petitioner the opportunity to file thereafter a motion or cross-motion, as the case may be, for summary judgment.

### ORDER

AND Now, this 22nd day of December, 1978, the motion of the Pennsylvania Board of Probation and Parole for summary judgment is denied.

It is ordered that the Board shall file with this Court within fifteen (15) days of the date of this order an affidavit setting forth the exact nature of the notice of revocation hearing given to the Petitioner. Upon the filing of such affidavit, leave is granted hereby to both parties to file or refile, as the case may be, a motion or cross-motion for summary judgment.