Donald Champion, Petitioner *v.* Commonwealth of Pennsylvania, Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Robert G. Kochems,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 22, 1979:

Under date of December 22, 1978, we denied a motion for summary judgment filed by the Board of Probation and Parole (Board) in the above captioned case and ordered the Board to file within 15 days an affidavit setting forth the exact nature of the notice of revocation hearing given to Donald Champion (Petitioner).[1] Our order also granted leave to the Board and Petitioner to file or refile appropriate motions. Pursuant to our order, both the Board and Petitioner have filed affidavits, and the Board has refiled its motion for summary judgment.

In our previous opinion we noted that Petitioner claimed that the Board revoked his parole as a convicted parole violator, whereas his only notice from the Board prior to the revocation hearing indicated that he was being held for a technical violation (being out of the state while under jurisdiction of the Board). Because the pleading upon which we were asked to enter judgment failed to indicate what the notice of

---

[1] *Champion v. Board of Probation and Parole,* 39 Pa. Commonwealth Ct. 401, 395 A.2d 671 (1978).

revocation hearing contained, we directed the filing of an affidavit by the Board. That affidavit now states that: (1) on March 8, 1977, a parole violation warrant was lodged against the petitioner alleging new criminal charges and technical parole violations; (2) on March 8, 1977, Petitioner was advised that a *preliminary* and *detention* hearing would be conducted on Petitioner's alleged *technical parole violations* on March 17, 1977; (3) the hearing scheduled for March 17, 1977, was continued at Petitioner's request until March 31, 1977; (4) at the time fixed for the hearing, Petitioner informed the hearing officer that he had been convicted March 30, 1977, of criminal charges which were pending on March 8, 1977; and (5) on March 31, 1977, Petitioner waived his *detention and preliminary* hearing, whereupon a revocation hearing was held March 31, 1977, on the basis that Petitioner was a convicted parole violator. The affidavit states further that ''no formal advance notice of the conviction, of which he was already aware, could have been or was provided.''[2] All allegations in the Board's affidavit are ''denied'' in Petitioner's affidavit. Petitioner also includes additional statements which are not pertinent to the critical issue now before us.

We do not believe the Board's affidavit supports its position that it has afforded Petitioner all of his due process rights with respect to the revocation hearing. The only pertinent allegation in the Board's affidavit regarding compliance with any notice requirements is that which states that the preliminary and detention hearings scheduled for March 31, 1977, were based on new criminal *charges* and technical parole violations. By the Board's own admission in the af-

---

[2] The affidavit does *not* state that Petitioner waived his right to notice.

fidavit, Petitioner did not know that a revocation hearing on the basis of a new criminal *conviction* would be held on March 31, 1977, until the date of the hearing. We hold that such procedures violate the letter and the intent of the Board's own regulations. 37 Pa. Code §§71.2 and 71.4.[3] Such procedures likewise violate the minimum requirements of due process with respect to parole revocation hearings set forth in *Morrissey v. Brewer*, 408 U.S. 471 (1972).

Accordingly, since the Board's decision to recommit Petitioner was based upon the proceedings at the revocation hearing held March 31, 1977, it must be set aside. We must likewise deny the Board's motion for summary judgment. Since we are authorized by Pa. R.C.P. No. 1034(b) to enter "such judgment or order as may be proper," we enter judgment for Petitioner. *Boron v. Smith*, 380 Pa. 98, 110 A.2d 169 (1955).

ORDER

AND Now, this 22nd day of March, 1979, summary judgment is entered for Donald Champion. The decision of the Board of Probation and Parole in recommitting Donald Champion as a convicted parole violator on April 13, 1977, is hereby vacated.

(See additional order—page 651.)

---

[3] Presently found at 7 Pa. B. 488-91.