Michael Hracho, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 23, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 16, 1986:

Michael Hracho (petitioner) appeals a decision of the Pennsylvania Board of Probation and Parole (Board) recommitting petitioner as a technical parole violator. Having been denied his Petition for Administrative Relief, this appeal followed.

Petitioner was under parole supervision when he was arrested in North Carolina. Upon being paroled from his conviction in North Carolina, petitioner was returned to the State Correctional Institute at Camp Hill, where he was resentenced as a direct[1] and techni-

---

[1] Petitioner's direct parole violation was for a conviction for the offense of larceny in North Carolina for which he was recommitted for nine (9) months. The evidence relied on was petitioner's conviction in a court of record.

cal parole violator.[2] The only witness to testify against petitioner at his revocation hearing was Joseph Menegat, an employee of the Board, who admitted having no personal knowledge of petitioner's technical parole violation.

Petitioner argues that the evidence upon which the Hearing Examiner relied and based his decision was purely hearsay and that the Examiner's finding that good cause existed for the absence of witnesses was in error. We agree with both contentions.

It is quite apparent from the record that a copy of a letter from the arresting officer in North Carolina (Sgt. Ditto) was the sole basis for the Board's finding. Board employee Joseph Menegat was allowed to submit this letter into evidence which was forwarded to the Board from petitioner's parole officer in North Carolina. The contents of this letter stated as follows:

> This is to inform you that do[sic] to evidence found at the crime scene on 6/18/84 it is my belief that Michael had consumed or was under the influence of a alcoholic beverage. Also on 6/19/84 the date of his arrest he was in Frank's Tavern Saller Path NC consumming [sic] alcohol.
>
> T.K. Ditto
> Indian Beach Police Dept.

The above correspondence, not witnessed or notarized, written on stationery that bore no official letterhead, was admitted over the timely objection of petitioner's counsel. The Board contends that this letter is reliable, because petitioner admitted being ar-

---

[2] Petitioner was charged with two technical parole violations. The first violation was for traveling outside the paroled area without permission for which the Board found petitioner not guilty. Petitioner's second technical violation was for the consumption of alcohol for which he received the maximum recommitment time of eighteen (18) months and said conviction is on appeal here.

rested by Sgt. Ditto. Granted, the petitioner has admitted he was arrested by Sgt. Ditto, however, the Sergeant's letter does not state that he personally saw petitioner consuming alcohol, nor where he arrested the petitioner. This letter, with no independent certification as to its truth or accuracy, has little indicia of reliability. Yet, it was this letter that solely resulted in petitioner receiving eighteen months backtime for the consumption of alcohol. While hearsay may be admitted in probation and parole revocation hearings, a decision to recommit a parolee as a technical parole violator may not be based solely on hearsay evidence. *Grello v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984).

We believe that the hearing examiner failed to show good cause for the absence of adverse witnesses at petitioner's revocation hearing. 37 Pa. Code §§71.5 (d), 71.2(6). The record is devoid of any evidence that the Board either attempted or even requested that the arresting officer from North Carolina appear for petitioner's hearing. Respondent argues that it is the Board's policy not to subpoena out-of-state witnesses. In *Razderk v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 176, 463 A.2d 111 (1983), it was held that a similar policy is in direct contravention of the Board's regulation. The Board further argues that they have no power to subpoena persons from North Carolina. This argument must fail because the Board does have a means to assure the presence of out-of-state witnesses at a hearing. The proper means to facilitate this end is through the use of letters rogatory. The Board would have to petition the appropriate Court of Common Pleas for the issuance of such and once issued could be used to compel the presence of out-of-state witnesses at a hearing.

Accordingly, we reverse the Board's order recommitting petitioner as a technical parole violator and remand for an additional hearing consistent with this opinion.

### ORDER

AND Now, this 16th day of January, 1986, the decision of the Pennsylvania Board of Probation and Parole, dated March 20, 1985, is hereby reversed, and this case is remanded to the Board for an additional hearing consistent with this opinion.

Jurisdiction Relinquished.