Edward HUDAK, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 5, 2000.

Decided Aug. 10, 2000.

Robert E. Mielnicki, Pittsburgh, for petitioner.

Robert Greevy, Harrisburg, for respondent.

Before SMITH, Judge, FLAHERTY, Judge, and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Edward Hudak (Petitioner) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. We reverse and remand the order of the Board.

Petitioner was originally sentenced to six to thirty years for the crimes of rape

and burglary with a minimum sentence date of August 31, 1996 and a maximum sentence date of August 31, 2020. He was paroled on January, 26 1999, to the Erie Community Corrections Center (the Center). A special condition of his parole was that he remain at the Center for a period of at least six months. While at the Center, Petitioner had obtained employment and was steadily working.

On or about March 14, 1999, Petitioner inserted a shampoo bottle filled with water into his rectum to relieve ongoing problems of constipation. Petitioner testified that he had used this method of relieving his constipation problem while in prison. When inserting the shampoo bottle Petitioner suffered a tear to his colon and was transported to Metro Hospital where an emergency colostomy was performed. After the surgery, the Center informed Petitioner's parole officer that the Center was not equipped to deal with Petitioner's medical problems and it discharged Petitioner from the Center due to his medical problems.[1] On March 23, 1999, upon discharge from the Hospital, Petitioner was incarcerated at SCI–Albion for a technical parole violation of Special Condition number seven (7), specifically his failure to remain at the Center for at least six months.

On April 25, 1999 a violation hearing was held. On July 23, 1999, the Board revoked Petitioner's parole and committed Petitioner as a technical parole violator to serve eighteen months backtime for failure to successfully complete the Center's program. Petitioner filed for administrative review which was denied by the Board by letter dated November 23, 1999. Petitioner then petitioned this Court for review.

Petitioner raises two issues for our review: whether the Board erred in revoking his parole and recommitting him without a finding that he willfully violated his parole and whether the imposition of eighteen months of backtime for Petitioner's alleged violation was excessive.[2]

Essentially, the issue before this Court is whether the Board should be required to consider whether a parolee was at fault when recommitting the parolee, or whether the mere fact that a violation has occurred, regardless of fault, is enough to recommit a parolee as a technical parole violator. Petitioner argues that the Board should be required to prove not only that a technical violation of parole occurred, but also that the parolee was somehow at fault. Petitioner argues that in his case the Center's decision was out of his control and it was through no fault of his own that he was discharged from the Center because it could not deal with his medical condition. Petitioner argues that to require him to fulfill a condition over which he has no control would be an abuse of authority and that recommitting him is punishing him for his medical condition, not any wrongdoing on his part.

The Board argues that a parolee's intent to do wrong or whether the parolee was at fault is not determinative of whether a condition of parole has been violated. It contends that all it needs to prove is that a violation has occurred. The Board argues that because it is undisputed that Petitioner did not fulfill a mandatory condition of parole, in that he was discharged from the Center, the Board did not err in recommitting him for that technical parole violation.

■ After review of relevant case law, we conclude that in order to prove a viola-

---

1. The letter from the Center made it quite clear that Petitioner was being discharged solely because of his medical condition. The letter indicated that up until the medical incident, Petitioner had been performing very well at the Center.

2. Our review of the merits of this case is limited under Section 704 of the Administra-

tive Agency Law, 2 Pa.C.S. § 704, to determining whether necessary findings are supported by substantial evidence, an error of law was committed, or a constitutional right of the parolee was violated. *Pometti v. Pennsylvania Board of Probation and Parole*, 705 A.2d 953 (Pa.Cmwlth.1998).

tion of a condition of parole the Board is required to demonstrate that the petitioner was at least somewhat at fault for the technical parole violation. We base our decision on a similar case previously decided by this Court, *Wagner v. Pennsylvania Board of Probation and Parole*, 92 Pa. Cmwlth. 132, 498 A.2d 1007 (1985). In *Wagner*, the Board had imposed a special condition upon the parolee that he must maintain employment. The parolee was then discharged from his employment and was recommitted as a technical parole violator because he did not maintain employment as required by the conditions of his parole. We interpreted the condition must maintain employment, to mean must make a good faith effort to maintain employment. We found that maintaining employment may be totally outside of the control of the parolee and fashioning such a condition over which a parole would not have control would amount to an abuse of the Board's authority. The Court then concluded that in order for the Board to prove a violation of the condition it was required to demonstrate that the petitioner was at least somewhat at fault for his violation of the condition, in that case his unemployment.

■ The facts in the instant case are similar. The Board imposed a special condition on Petitioner that he remain at the Center for a period of six months. We interpret this condition in the way we interpreted the must maintain employment condition in *Wagner*. Here we interpret must remain at the Center for six months as must make a good faith effort to remain · at the Center for six months. Here, while Petitioner had some control over his discharge from the Center, it is evident that he did not have complete control. It is undisputed that Petitioner was not discharged from the Center due to fault on his part. It is clear that he was discharged for purely medical reasons and

that he had been performing very well at the Center.

■ We also find instructive in this case *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The question raised in *Bearden* was whether it was unconstitutional to revoke an indigent defendant's probation for failure to pay a fine and restitution. The United State Supreme Court concluded that automatically revoking probation because a petitioner could not pay a fine, without determining that the petitioner had not made sufficient bona fide efforts to pay or that adequate alternative forms of punishment did not exist was in error. An examination of fault must be made before probation is revoked.[3] We recognize that there is a difference between probation for wrongdoing and parole after serving a portion of a prison sentence, but the requirement of a showing of fault on the part of the petitioner in a violation of either probation or parole is similar.

Based upon the above cited case law, we conclude that Petitioner made a good faith effort to remain at the Center and that because the Board did not meet its burden of showing that Petitioner was somewhat at fault for being discharged from the Center, its order recommitting him as a technical parole violator must be reversed.

We recognize that we have held in previous cases that intent to do wrong is not dispositive, but what is dispositive is whether a condition of parole was violated. *Heckman v. Pennsylvania Board of Probation and Parole*, 744 A.2d 371 (Pa.Cmwlth.2000)(petitioner's parole was revoked for having contact with persons under the age of eighteen and failing to complete an out-patient sex-offender program, both in violation of conditions of parole). We have also held that we believe that we are not empowered in our appellate capacity to add another element, *i.e.* intent, to a clearly stated parole condition.

---

**3.** *See also Commonwealth v. Eggers*, 742 A.2d 174 (Pa.Super.1999) and *Commonwealth v.*

*Dorsey*, 328 Pa.Super. 241, 476 A.2d 1308 (1984).

*Zimmerman v. Pennsylvania Board of Probation and Parole,* 83 Pa.Cmwlth. 282, 476 A.2d 1016 (1984)(petitioner's parole was revoked because he left his approved district without permission, a violation of his parole).[4] However, we believe all of these cases can be distinguished from *Wagner* and the case now before the Court.

In *Heckman, Sigafoos, Hawkins,* and *Zimmerman,* each parolee committed some act that was a violation of his parole, such as leaving the approved district, having contact with unauthorized persons or possessing a weapon. Whether a parolee leaves an approved area, has contact with unauthorized persons or possesses a weapon is purely a matter of that parolee's own free will or his or her choice to do that act; whether a parolee is kept in a program or discharged from that program may be completely outside of a parolee's control. When a parolee commits an act that is in violation of parole, that parolee is at fault for the violation. However, if a parolee is not at fault, such as being discharged from a program because of reasons beyond his control, or is discharged from employment at the whim of the employer, the Board cannot recommit the parolee as this would constitute an abuse of authority.

Having distinguished these cases, we hold that in cases where the Board has fashioned a condition of parole over which the petitioner does not have control, the Board must show that the petitioner was somewhat at fault in order to prove a violation. Accordingly, we re-verse the order of the Board that recommitted Petitioner as a technical parole violator because the Board did not show that Petitioner was at any fault for his discharge from the Center and its recommitment of Petitioner for reasons beyond his control was an abuse of authority.[5]

## *O R D E R*

AND NOW, this 10th day of August, 2000, the denial of administrative relief by the Pennsylvania Board of Probation and Parole at No. 4679-O mailed November 23, 1999, is reversed and remanded for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

---

4. *See also Sigafoos v. Pennsylvania Board of Probation and Parole,* 94 Pa.Cmwlth. 454, 503 A.2d 1076 (1986)(petitioner's parole revoked for leaving his approved district, a violation of his parole) and *Hawkins v. Pennsylvania Board of Probation and Parole,* 88 Pa.Cmwlth. 547, 490 A.2d 942 (1985)(petitioner's parole revoked for possessing a weapon in violation of a condition of parole).

5. Petitioner also argues that not only is the revocation of his parole inappropriate, but that the imposition of eighteen months of backtime was excessive because it is not sup-ported by substantial evidence and because of mitigating circumstances. However, in light of our disposition of Petitioner's first issue, there is no need to address this issue.

Since the Petitioner was paroled with a special condition that he remain at the Center for at least six months but has only served 47 days of the condition, we remand this matter to the Board to arrange for Petitioner to remain at the Center for the balance of the term of the special condition if and when he is physically able to be accepted there.