Alexander McPHERSON, Petitioner,

v.

### PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 10, 2001.

· Decided Oct. 30, 2001.

---

James M. McClure, Huntingdon, for petitioner.

Amy M. Elliott, Harrisburg, for respondent.

Before PELLEGRINI, J., FRIEDMAN, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Alexander McPherson (Petitioner) petitions for a review of the Pennsylvania Board of Probation and Parole (Board) denial of his administrative appeal objecting to the decision to revoke Petitioner's parole for a technical violation. We affirm.

On January 10, 2001, a hearing was conducted to establish whether Petitioner violated a special condition of his parole when he was unsuccessfully discharged from a drug/alcohol out-patient therapy program (Program). The Board informed Petitioner in the Notice of Charges and Hearing that he was discharged from the Program because he missed at least two appointments.[1] C.R. at 17. Minerva Feliciano, Petitioner's Program counselor (Counselor), testified that in accordance with the Program, Petitioner was required to attend three consecutive orientation sessions. He attended two sessions but missed the third. C.R. at 27. It is Program policy that if a client misses one orientation session, then the client is considered to have missed all three sessions. Clients do have an opportunity to restart the orientation and Petitioner was "given ample time" to start over again with a new orientation group. On November 7, 2000, when Petitioner failed to attend the restart of orientation, he was unsuccessfully discharged because of three unexcused absences. The Board concluded that Petitioner was a technical parole violator due to this unsuccessful discharge.

According to Counselor, the Program will not accept a client with health insurance unless the insurance is not willing to

---

1. During the hearing, Minerva Feliciano, Petitioner's Program counselor, testified that Petitioner admitted that he used marijuana once while he was in the Program. C.R. at 30–31. Petitioner's drug use, however, was not the reason for his unsuccessful discharge. The reason given in the Notice of Charges and

Hearing indicated that Petitioner's discharge resulted from his failure to appear for at least two appointments. C.R. at 17. The Board's decision merely states that Petitioner was "not amenable to aprole [sic] supervision." C.R. at 76.

pay for the treatment. C.R. at 30. Petitioner testified that he had private health insurance, was dissatisfied with his current treatment and desired to seek treatment from another provider. C.R. at 42. Petitioner was informed that he was to continue to receive treatment at the Program until he could produce written confirmation of his insurer's coverage. C.R. at 28. Petitioner's insurer did cover drug and alcohol treatment so Petitioner set up an appointment with another provider for November 2, 2000.[2] Based on his own insurance coverage and the scheduled appointment, Petitioner unilaterally decided to stop attending the orientation sessions with the Program.[3]

■ Petitioner asserts before this Court that he could not have completed the Program because he *did* have insurance coverage, *i.e.*, the Program was only available to those clients who lacked insurance coverage.[4] Moreover, he attempted to obtain drug and alcohol counseling from another provider. Pursuant to *Hudak v. Pennsylvania Board of Probation and Parole*, 757 A.2d 439 (Pa.Cmwlth.2000), Petitioner contends that his discharge was inevitable and beyond his control. The Board, therefore, abused its discretion by recommitting him without first proving that he was somewhat at fault. We disagree.

■ In *Hudak*, we concluded that the Board has the burden of demonstrating that a parolee was somewhat at fault for a violation of a special condition of parole when the ability to comply with the special condition is completely outside of the parolee's control. *Id.* at 441–42. For example, this burden arose when a parolee was unsuccessfully discharged from a community center for purely medical reasons. *Id.* In contrast, no such burden is placed on the Board when a parolee acts under his free will and violates his parole. *See id.* at 442 (citing such acts as leaving an approved district, having contact with unauthorized person, possessing a weapon).

The reason that Petitioner was unsuccessfully discharged was that he failed to attend the orientation sessions; he was not discharged because of the effect of his insurance coverage. The record before us indicates that, although Petitioner would have to use the services covered by his insurer, Petitioner was required to continue with the Program until he produced written evidence of his insurance coverage. It was the failure to provide documentation and Petitioner's unfounded belief that he could just cease attending orientation sessions which resulted in his unsuccessful discharge. Accordingly, the Board did not have the burden of proving that Petitioner was somewhat at fault for this technical violation. We conclude that the Board's finding is supported by substantial evidence.

The order of the Board is affirmed.

### ORDER

AND NOW, this 30th day of October, 2001, the order of the Pennsylvania Board

---

2. This appointment was cancelled. C.R. at 51.

3. Petitioner introduced a letter dated November 13, 2000 from his insurer that authorized treatment. The Hearing Examiner took notice that the date of Petitioner's discharge from the Program preceded the date of the insurer's letter.

4. Our review of the merits of this case is limited under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether necessary findings are supported by substantial evidence, an error of law was committed, or a constitutional right of the parolee was violated. *Hudak v. Pennsylvania Board of Probation and Parole,* 757 A.2d 439, 440 n. 1 (Pa.Cmwlth.2000).

of Probation and Parole, dated January 24, 2001, recommitting Alexander McPherson as a technical parole violator to serve his unexpired term is hereby affirmed.