IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Nelson Garcia, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 764 C.D. 2016 |
| | : | Submitted: October 7, 2016 |
| Pennsylvania Board | : | |
| of Probation and Parole, | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: December 22, 2016

Nelson Garcia petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and recommitting him to serve 18 months backtime as a convicted parole violator. Garcia argues that he was denied due process because the Board did not permit him to appear at his revocation hearing or to be represented by counsel at that hearing. He also argues that the backtime imposed exceeded the presumptive recommitment range. Discerning no merit to these contentions, we affirm.

In 1995, Garcia was sentenced to nine to 18 years in prison for third-degree murder. In 1997, he was sentenced to seven and a half to 15 years in prison for aggravated assault. He was granted parole on both charges in 2008. At the time he was paroled, his maximum sentence date was September 5, 2012.

On September 16, 2011, Garcia was charged with (1) possession of a controlled substance; (2) possession with intent to deliver a controlled substance; (3) criminal conspiracy; and (4) use of a communication facility to commit a crime. On June 8, 2015, Garcia pled guilty to possession with intent to deliver and criminal conspiracy.[1] He was sentenced to two to five years in prison on each charge, to run concurrently.

On August 20, 2015, the Board sent Garcia notice that a parole revocation hearing would be conducted as a result of his two new criminal convictions. Garcia signed a written waiver of his right to a panel hearing. Certified Record at 57 (C.R. __). At the September 2, 2015, parole revocation hearing before the hearing examiner, Garcia signed a waiver of his right to counsel. C.R. 61.

At the hearing, Parole Agent Norvick[2] offered documentary evidence of Garcia's sentencing on the new and prior criminal convictions and testified about Garcia's conviction history. He explained that Garcia had been paroled in 2008; arrested on new charges in 2011, while still on parole; and convicted on two of the new charges in 2015. In short, Garcia violated his parole with these criminal convictions.

Garcia testified that he had done well when first paroled. However, he made a major mistake in 2011, and it has hurt his family, particularly his children, six-year-old twins. He believes he has been rehabilitated.

The hearing officer asked whether Garcia acknowledged the two new convictions. Garcia stated that he did. The hearing examiner asked "what kind of

---

[1] The remaining charges were nolle prossed.

[2] Agent Norvick's full name has not been provided.

drug was it?" Notes of Testimony, 9/2/2015, at 10 (N.T. __); C.R. 79. Garcia replied "Cocaine." *Id*. In response to a question by the hearing officer, Garcia testified that he does not have a drug problem.

The Board recommitted Garcia to serve 18 months backtime as a convicted parole violator, eligible for reparole on February 25, 2017; his maximum sentence date was recalculated to April 5, 2020. Garcia filed an administrative appeal, asserting that he had not been given a fair opportunity to prepare for the hearing or to consult with counsel. Further, the Board erred in finding the presumptive range for his new convictions was 18 to 24 months, because the evidence did not establish that the new convictions were felonies with a statutory maximum of 10 years.[3]

Garcia's request for administrative relief was denied for two reasons. First, Garcia signed a waiver of his right to counsel. Second, the record established that the recommitment range for a conviction involving intent to deliver cocaine is 18 to 24 months, and for a conviction for criminal conspiracy to deliver cocaine is 18 to 24 months. The maximum sentence is 48 months. Accordingly, the Board's recommitment of 18 months did not exceed the presumptive recommitment range.

Garcia petitioned for this Court's review.[4] First, he claims his right to due process was violated because he was not given the opportunity to be present at

---

[3] Garcia challenged his maximum sentence date, but he did not appeal the Board's decision in this regard.

[4] Our scope of review is to determine whether constitutional rights were violated, whether the adjudication was in accordance with the law, or whether the findings of fact were supported by substantial evidence of record. 2 Pa. C.S. §704; *McPherson v. Pennsylvania Board of Probation and Parole*, 785 A.2d 1079, 1081 n.4 (Pa. Cmwlth. 2001).

his revocation hearing. Second, he claims that the Board applied the incorrect presumptive range when calculating the amount of backtime he must serve.

We begin with Garcia's curious claim that his revocation hearing was conducted in his absence and without counsel. This claim is contradicted by the record showing that Garcia attended the revocation hearing and testified. Further, in writing, Garcia waived his right to have counsel at the revocation hearing. Garcia acknowledged these waivers on the record.[5]

At the hearing on September 2, 2015, the hearing examiner stated that "the public defender is not here today for some reason" and offered Garcia the right to continue the hearing "for the public defender to be here, or to do it without representation by [c]ounsel." N.T. at 5; C.R. 74. Garcia decided to waive his right to counsel. On the record, the hearing examiner asked Garcia if the "waiver is made of your own free will without threat or coercion[?]" *Id*. Garcia responded "Yes, ma'am." *Id*. Garcia signed the waiver of counsel form. C.R. 61.

During the hearing, the hearing officer asked Garcia if he objected to any of the evidence; if he wished to question Agent Norvick; and if he wished to speak on his own behalf. Garcia did not object to the evidence introduced by Agent Norvick and declined to question Agent Norvick. He did make a statement on his own behalf.

In sum, the record contradicts Garcia's claim that "a hearing was conducted without his presence." Garcia Brief at 10.

---

[5] On August 20, 2015, Garcia signed a waiver of his right to a panel hearing, which resulted in a hearing before a hearing examiner. C.R. 57.

In his second allegation of error, Garcia asserts that the imposition of 18 months of backtime was excessive. The presumptive ranges relevant to a felony drug conviction are set forth in the Board's regulations, as follows:

Drug Law Violations:

Felony with Statutory Maximum of 15 years [has a presumptive range of] 24 months to 36 months

Felony with Statutory Maximum of 10 years [has a presumptive range of] 18 months to 24 months

Felony with Statutory Maximum of 5 years [has a presumptive range of] 9 months to 15 months

Felony with Statutory Maximum of 3 years and Misdemeanors with Statutory Maximum of 2 or 3 years [has a presumptive range of] 6 months to 12 months

37 Pa. Code §75.2. A criminal conspiracy conviction is graded as the most serious offense that is an object of the conspiracy. 18 Pa. C.S. §905.[6] Thus, the presumptive range for criminal conspiracy is equal to the presumptive range of the related criminal charge. *See*, *e.g.*, *Sithisong v. Pennsylvania Board of Probation*

---

[6] It provides:

(a) Grading.--Except as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.

(b) Mitigation.--If the particular conduct charged to constitute a criminal attempt, solicitation or conspiracy is so inherently unlikely to result or culminate in the commission of a crime that neither such conduct nor the actor presents a public danger warranting the grading of such offense under this section, the court may dismiss the prosecution.

18 Pa. C.S. §905.

*and Parole,* (Pa. Cmwlth., No. 163 C.D. 2009, filed October 6, 2009)[7] (criminal conspiracy for intent to deliver cocaine has a grading equal to the underlying controlled substance delivery conviction, giving each conviction an identical presumptive range); *see also*, 37 Pa. Code §75.2 (listing the presumptive range for criminal conspiracy as "Relate to Crime").

Where, as here, "there are multiple offenses the Board may treat each offense separately and aggregate the presumptive ranges to arrive at an applicable presumptive range." *Ward v. Pennsylvania Board of Probation and Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988). Where "the backtime imposed is within the presumptive range, the Board's discretion will not be disturbed." *Davis v. Pennsylvania Board of Probation and Parole*, 579 A.2d 1372, 1374 (Pa. Cmwlth. 1990).

Garcia was convicted of violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[8] which prohibits the following conduct:

> Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

---

[7] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures; 210 Pa. Code §69.414.

[8] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

35 P.S. §780-113(a)(30). A felony conviction under Section 13(a)(30) of the Drug Act is subject to the following penalties:

(1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

(1.1) Phencyclidine; methamphetamine, including its salts, isomers and salts of isomers; coca leaves and any salt, compound, derivative or preparation of coca leaves; any salt, compound, derivative or preparation of the preceding which is chemically equivalent or identical with any of these substances, except decocanized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine; and marihuana in a quantity in excess of one thousand (1,000) pounds, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding ten years, or to pay a fine not exceeding one hundred thousand dollars ($100,000), or both, or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal manufacture or distribution of these substances.

(2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding five years, or to pay a fine not exceeding fifteen thousand dollars ($15,000), or both.

(3) A controlled substance or counterfeit substance classified in Schedule IV, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding three years, or to pay a fine not exceeding ten thousand dollars ($10,000), or both.

35 P.S. §780-113(f).

Garcia notes that his guilty plea identifies his conviction as one under Section 13(a)(30) of the Drug Act, but it does not list the type of controlled substance involved. C.R. 19. Accordingly, he argues that the Board should have classified his felony conviction as one not exceeding three years under Section 13(f)(3) of the Drug Act. A felony with a statutory maximum of three years warrants the imposition of backtime between 6 months to 12 months, far less than the 18 months imposed by the Board.

However, as the Board observes, Garcia admitted at his revocation hearing that the controlled substance at issue was cocaine. Where the controlled substance is cocaine, the maximum sentence is 10 years. 35 P.S. §780-113(f)(1.1). A felony with a statutory maximum of 10 years authorizes the imposition of 18 months to 24 months of backtime. 37 Pa. Code §75.2.

The Board also argues that, in any case, Garcia's 18-month recommitment fell within the presumptive range because Garcia was convicted of two charges. If it is accepted that the drug conviction has a presumptive range of 6 to 12 months, then the criminal conspiracy charge also has a presumptive range of 6 to 12 months. The Board is permitted to aggregate the convictions, which establishes a presumptive backtime range of 12 to 24 months. Thus, Garcia's 18-month period of recommitment fell within the presumptive range. We agree with the Board.

First, under the negotiated guilty plea, Garcia was sentenced from two to five years in prison on the drug conviction and two to five years in prison on the

8

conspiracy conviction.[9] Garcia could not have been sentenced under Section 13(f)(3) of the Drug Act because it does not permit a sentence in excess of three years.

Second, just as a sentencing court may consider pre-sentencing investigation reports and psychiatric reports, the Board may consider police reports and parole violation reports "in the penalty phase of its parole revocation proceedings." *Bandy v. Pennsylvania Board of Probation and Parole*, 530 A.2d 507, 511 (Pa. Cmwlth. 1987) (rejecting the claim that parole reports and police reports were not to be considered where backtime exceeds the presumptive range). A parolee may object to the accuracy of the reports. *Id*. Here, however, Garcia raised no such objections.

Garcia's criminal arrest and disposition report stated that he "possessed a controlled substance of cocaine with the weight of 3 kilos and the street value of $300,000.00.…" C.R. 17. At his parole revocation hearing, Garcia admitted that the drug involved in his conviction for delivery of a controlled substance was cocaine. N.T. at 10; C.R. 79. The Board's finding that the controlled substance at issue was cocaine was based not only on a report, but on Garcia's admission. Section 13(f)(1.1) of the Drug Act establishes that the maximum sentence for delivery of any amount of cocaine is 10 years. 35 P.S. §780-113(f)(1.1). A felony with a statutory maximum of 10 years has a presumptive range of 18 months to 24 months. 37 Pa. Code §75.2. As such, there

---

[9] The convictions were ordered to be served concurrently.

9

is no showing that the Board based its determination on insufficient evidence of record.[10]

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[10] Likewise, the Board is entitled to aggregate the presumptive ranges of the two convictions and "[t]his court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations." *Wright v. Pennsylvania Board of Probation and Parole*, 743 A.2d 1004, 1006 (Pa. Cmwlth. 1999) (quoting *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988), *affirmed without opinion*, 583 A.2d 427 (Pa. 1990)). Garcia argues that the presumptive range for each charge is 6 to 12 months. This results in a 12 to 24 month range, which is well within the 18-month period set by the Board. As such, Garcia's claim is meritless.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nelson Garcia,                  :
          Petitioner       :
                        :
          v.           :  No. 764 C.D. 2016
                        :
Pennsylvania Board      :
of Probation and Parole,  :
          Respondent   :

# **O R D E R**

AND NOW, this 22nd day of December, 2016, the order of the Pennsylvania Board of Probation and Parole, dated March 10, 2016, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge