# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Turon McGee,                                 :
                          Petitioner         :
                                             :
            v.                               :    No. 1473 C.D. 2017
                                             :    Submitted:  July 27, 2018
Pennsylvania Board of Probation and          :
Parole,                                      :
                          Respondent         :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                        **FILED:  September 13, 2018**


Turon McGee (McGee) petitions for review of the June 30, 2017 Order of the Pennsylvania Board of Probation and Parole (Board) affirming the Board's Decision mailed September 28, 2016, revoking his parole and recommitting him as a technical parole violator (TPV).[1]  After review, we agree with McGee that the Board erred, as

---

[1] McGee's Petition for Review was not filed with this Court until October 20, 2017, which would otherwise be untimely had he not previously filed a timely Petition for Review with the Court of Common Pleas of Bucks County (common pleas).  Common pleas did not transfer the Petition for Review to this Court, but rather dismissed the matter.  *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a) ("If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction . . . the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal . . . .").  Upon McGee's Petition for Leave to File Appeal *Nunc Pro Tunc*, we granted McGee such relief and, therefore, his Petition for Review is timely.

a matter of law, in finding him a TPV based solely on hearsay evidence that was admitted over objection without a showing of good cause for depriving him of his right of confrontation.

On June 10, 2009, following McGee's conviction for crimes related to rape of a child, in violation of Section 3126(c) of the Crimes Code, 18 Pa. C.S. § 3126(c), and related offenses, McGee was sentenced to 5 to 10 years of imprisonment. McGee was first paroled on June 24, 2013, but was recommitted to serve six months of backtime after a technical violation. On April 30, 2016, McGee was automatically reparoled subject to certain conditions, including Special Condition No. 7 (successful completion of all programming recommended by community corrections center (CCC)). Special Condition No. 7 advised McGee that "[d]ischarge from this center for any reason other than successful completion will be a violation of [his] conditions of supervision and may result in . . . incarceration." (Certified Record (C.R.) at 31.) The Board assigned McGee to live at Coleman Hall in Philadelphia.

As alleged in a Resident Infraction Report dated June 11, 2016, McGee, against the instruction of Coleman Hall staff, called for an ambulance. When emergency medical personnel arrived, they determined that McGee's complaint was not an emergency. Thereafter, McGee returned to his housing unit where staff allegedly heard him threaten a shift supervisor. The Resident Infraction Report cited McGee for threatening an employee with bodily harm and failing to follow directions. Thereafter, McGee was unsuccessfully discharged from Coleman Hall.

On June 20, 2016, the Board provided McGee with a Notice of Charges and Hearing (Notice), informing him that he was being charged with a technical violation of Special Condition No. 7. The Notice reiterated the content of Special Condition No. 7 and stated that "supporting evidence: on 6/13/2016, you were unsuccessfully

2

discharged from Coleman Hall for behavior that was assaultive in nature." (*Id.* at 36.)

A hearing was then held where only a Contract Facility Coordinator (Coordinator) at the Bureau of Community Corrections testified. During Coordinator's testimony, the Parole Agent representing the Board offered into evidence an email sent by the Deputy Operations Manager for Coleman Hall to Coordinator requesting approval for McGee's unsuccessful discharge. Parole Agent then offered into evidence the Resident Infraction Report attached to the aforementioned email. McGee's Counsel objected to admission of the email because the "[s]ender [was] not present" and there was no direct testimony about the threatening behavior that was the basis for the unsuccessful discharge. (*Id.* at 66.) Coordinator testified that he received the Resident Infraction Report with the email and that the Resident Infraction Report was the basis upon which he approved the unsuccessful discharge. McGee's Counsel then renewed his objection that the hearing could not proceed without testimony from the shift supervisor whom McGee allegedly threatened. (*Id.* at 67-68.)

When the Hearing Examiner inquired if the shift supervisor was present, Parole Agent stated he was not. Parole Agent asserted that because he understood the issue at hand to be one of unsuccessful discharge alone, the behavior underlying the discharge was "**irrelevant**." (*Id.* at 68 (emphasis added).) The Hearing Examiner, noting that "we do like to know the reason . . . for the discharge," asked Parole Agent if the shift supervisor was unavailable or if "he was not considered," and Parole Agent responded that it was the latter, because "[w]e are simply charging for the . . . unsuccessful discharge." (*Id.* at 68-69.) The Hearing Examiner deferred

3

decision on McGee's objection to the email and Resident Infraction Report, but advised that the objection was "being seriously considered." (*Id.* at 69-70.)

The Board ultimately found that McGee had not successfully completed the program at Coleman Hall and, thus, was in violation of Special Condition No. 7. In so doing, the Board noted that the evidence relied upon in making its determination was Coordinator's testimony. The Board did not address the objection raised by McGee's Counsel. The Board recommitted McGee for a minimum of six months.

McGee timely filed an administrative appeal from the Board's Decision revoking his parole and recommitting him as a TPV. McGee raised a number of arguments in support of his appeal, including that the Board's finding was supported only by hearsay evidence that was admitted over objection without a showing of good cause. (*Id.* at 96-97.) The Board affirmed its Decision on June 30, 2017.

On appeal to this Court,[2] McGee raises the following arguments. First, McGee contends the Notice charged a different violation than the one upon which the Board made its finding. Second, he argues he did not willfully violate his parole but was discharged for reasons beyond his control, namely, in retaliation for complaints he filed while at Coleman Hall. Third, and finally, McGee contends that the Board's finding was not based on substantial competent evidence. The Board, McGee argues, did not produce the shift supervisor whom he allegedly threatened, but only a hearsay report of those threats, which the Board erroneously admitted into evidence without a showing of good cause and, thereby, deprived McGee of his right of confrontation.

---

[2] Our standard of review is limited to determining whether the Board's findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board violated the parolee's constitutional rights. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

4

The Board contends that the charge specified in the Notice, unsuccessful discharge from Coleman Hall, was the same basis for the Board's ultimate finding of McGee as a TPV. The Board further argues that McGee's unsuccessful discharge from Coleman Hall did not result from conduct outside of his control, but rather his misconduct triggering the unsuccessful discharge. (Board's Brief at 9.) **The Board does not address McGee's third argument**.

Here, McGee did not raise before the Board the first two arguments he raises on appeal. Because those issues were not raised before the Board either at the revocation hearing or in McGee's administrative appeal, those issues are waived. *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).[3]

McGee's third issue, however, regarding the hearsay testimony at the center of the violation and revocation hearing, is not waived. McGee's Counsel objected to this evidence at the hearing, and McGee raised the issue in his administrative appeal. Therefore, we will address the merits of this issue.

The Board's regulations provide that prior to the hearing, a parolee be advised of "[t]he right to cross-examine an adverse witness who appears at the hearing, unless the panel or examiner specifically finds good cause for not allowing confrontation." 37 Pa. Code § 71.2(11)(iv). Further, "[w]hile hearsay may be

---

[3] Even if McGee had not waived review of these two issues, it is unlikely that he would have prevailed on either of them on the merits. Regarding the first issue, although due process is violated when the Board rests its revocation decision on grounds other than those specified in the notice, *Champion v. Pennsylvania Board of Probation and Parole*, 395 A.2d 671, 672 (Pa. Cmwlth. 1978), no such circumstances are present here. Both the Notice provided to McGee and the Board's final decision specify violation of Special Condition No. 7 as the premise for the revocation. As to the second issue, a willful act within the parolee's control must form the basis for a violation to be found. *Hudak v. Pa. Bd. of Prob. & Parole*, 757 A.2d 439, 440-41 (Pa. Cmwlth. 2000). While McGee contends that his discharge was retaliatory based upon complaints he made against Coleman Hall personnel, the record reflects, via Coordinator's accepted testimony, only that the discharge was premised on the threats McGee made, which would be considered a willful act.

admitted in probation and parole revocation hearings, a decision to recommit a parolee as a TPV **may not be based solely upon hearsay evidence**." *Grello v. Pa. Bd. of Prob. & Parole*, 477 A.2d 45, 46 (Pa. Cmwlth. 1984) (emphasis added). If, over objection, hearsay testimony is admitted without a finding of good cause, the hearing examiner commits reversible error. *Id.* While good cause is not legislatively defined, we have held that a Board policy not requiring the testimony of adverse witnesses who have to travel more than 50 miles for a hearing does not amount to good cause. *Id.* at 46-47.

In *Hracho v. Pennsylvania Board of Probation and Parole*, the petitioner challenged his recommitment as a TPV when a Board employee, without personal knowledge of the alleged violation, was the only testifying witness at the hearing. 503 A.2d 112, 112-13 (Pa. Cmwlth. 1986). The Board employee was permitted to submit into evidence a letter written by an Indian Beach, North Carolina police officer that was not witnessed or notarized, and bore no official letterhead. *Id.* at 113. The letter indicated that, based on evidence the police officer had found, the petitioner had been consuming alcohol on one day and, on the next day, was arrested in a bar. *Id.* The Board recommitted the petitioner based solely upon the letter. *Id.* We reversed and found that there was not good cause for the absence of the police officer, noting that there was no evidence that the Board "either attempted or even requested that the [police officer] appear for petitioner's hearing." *Id.* Because the Board recommitted the petitioner based solely on hearsay evidence admitted without a finding of good cause, we reversed the Board's order. *Id.*

Similar to *Hracho*, McGee was found to be a TPV based solely on hearsay evidence that was admitted over objection without a finding of good cause. The conduct underlying the unsuccessful discharge was established only through the

6

hearsay evidence of the email and the Resident Infraction Report admitted during Coordinator's testimony. Coordinator's testimony merely relayed his approval of the discharge, but he lacked personal knowledge of the incident that led to the discharge. Thus, Coordinator was merely a conduit for the hearsay evidence upon which the Board ultimately relied. Further, there was no showing of good cause for admitting this hearsay evidence. While the Parole Agent argued that the Board had only to prove that McGee was unsuccessfully discharged and not the underlying conduct that formed the basis for the discharge, the Parole Agent offered no authority in support of such an argument, the Board makes no such argument now on appeal, and we have not uncovered any such authority. If it were true, as the Parole Agent asserted, that only the fact of the unsuccessful discharge had to be proven, and not the conduct that formed the basis for the discharge, then a parolee could be cited for any reason, including reasons that violate his rights, or no reason at all, and there would be no inquiry into the basis for the discharge. We cannot countenance such a claim.

Therefore, the Board committed an error of law when it recommitted McGee as a TPV based solely on hearsay evidence that was admitted without a finding of good cause. Accordingly, we vacate and remand the matter to the Board for a new hearing.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Turon McGee,      :
     Petitioner  :
          :
    v.      : No. 1473 C.D. 2017
          :
Pennsylvania Board of Probation and :
Parole,        :
     Respondent :

## **O R D E R**

 **NOW**, September 13, 2018, the June 30, 2017 Order of the Pennsylvania Board of Probation and Parole (Board) affirming the Board's Decision mailed September 28, 2016, in the above-captioned matter, is **VACATED**, and the matter is **REMANDED** to the Board for further proceedings consistent with this opinion.

 Jurisdiction relinquished.

        _____
        **RENÉE COHN JUBELIRER,** Judge