# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judson Jones,                            :
                  Petitioner       :
                            :

        v.                      :   No. 334 C.D. 2024
                            :   SUBMITTED: February 4, 2025

Pennsylvania Parole Board,     :
                  Respondent  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: March 5, 2025**

Petitioner, Judson Jones, petitions for review from the Pennsylvania Parole Board's denial of his administrative appeal from an order recommitting him as a technical parole violator (TPV). The Board determined that he engaged in assaultive behavior in violation of his parole conditions. We affirm.

The pertinent background is as follows. In 2013, Petitioner was sentenced on felony drug offenses with an aggregate 1 year, 6 month and 22 day to 6-year sentence. Certified Record (C.R.) at 1-2. His original minimum and maximum dates were June 1, 2017 and November 20, 2021. C.R. at 2. In July 2017, he was released on parole. C.R. at 6.

In February 2018, the Board recorded an administrative decision detaining Petitioner pending disposition of newly-incurred criminal charges. C.R. at 11. In September 2018, the Board recommitted him as a convicted parole violator (CPV) following a conviction for driving under the influence of alcohol. C.R. at 12-

13. In January 2020, he was granted reparole and released in March 2020. C.R. at 18-20, 21-22.

In October 2022, the Board issued an administrative action declaring Petitioner delinquent. C.R. at 32. In December 2022, the Board recorded an administrative decision detaining him pending the disposition of newly-incurred criminal charges. C.R. at 34. Following his recommitment, Petitioner was released via automatic parole in May 2023. C.R. at 35-37 and 40.

The Allegheny County Police Department arrested Petitioner in June 2023 on new criminal charges for simple assault. In July 2023, the Board recorded an administrative decision detaining him pending the disposition of these charges. C.R. at 51. At his September 2023 preliminary hearing, the charges were withdrawn. C.R. at 64. Following a review of the incident, however, Petitioner was charged with a technical violation of parole condition 5C, prohibiting him from engaging in assaultive behavior, because there was a police witness to the domestic assault. C.R. at 65. The police witness was Lieutenant Thornton, an 18-year veteran police officer. C.R. at 89.

In October 2023, the Board held a bifurcated parole violation hearing at which Lieutenant Thornton and Petitioner testified. Having held open the record, the Board held a second hearing in December 2023 at which time the female who was the alleged victim of the assault and Lieutenant Thornton testified. Ultimately, the Board accepted Lieutenant Thornton's version of the incident.

In December 2023, the Board recorded a decision recommitting Petitioner as a TPV. C.R. at 181-83. In January 2024, the Board received correspondence and multiple administrative remedies forms that it accepted as an administrative appeal of its decision. C.R. at 190-95, 196-203, 204-09. In February

2024, the Board denied Petitioner's requested administrative relief. C.R. at 210-11. Petitioner's petition for review to this Court followed.

In determining whether a parolee violated the conditions of his parole, the Board may consider all admissible evidence; however, its holding must rest upon substantial evidence. *Price v. Pa. Bd. of Prob. & Parole*, 863 A.2d 173, 175 (Pa. Cmwlth. 2004). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id.* The presence of conflicting evidence or testimony does not mean that the Board's findings are not supported by substantial evidence. *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 523 (Pa. Cmwlth. 1987). The Board, as the ultimate finder of fact, has exclusive discretion to evaluate witness credibility, resolve conflicts in evidence, and assign evidentiary weight. *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.2 (Pa. Cmwlth. 2010). This Court "leave[s] the sufficiency of the evidence in the Board's discretion, and we will not interfere with [its] finding of a technical parole violation if it is supported by substantial evidence." *Id.* Furthermore, the Board has the burden to show, by a preponderance of the evidence, that the parolee violated the terms and conditions of parole. *Sigafoos v. Pa. Bd. of Prob. & Parole*, 503 A.2d 1076, 1079 (Pa. Cmwlth. 1986). A preponderance of the evidence is proof that leads the fact finder to decide "that the existence of a contested fact is more probable than its nonexistence." *Id.*

On appeal, Petitioner argues that the record lacks substantial evidence to establish that he committed a technical parole violation because there was insufficient evidence that he engaged in assaultive behavior. In support, he maintains that the female stated at the scene that there was no contact and even showed her shoulder to one of the police officers involved as proof. Petitioner

further asserts that the female fully cooperated by attending the preliminary hearing whereas the arresting officer failed to appear and the criminal assault charges were dismissed. In addition, Petitioner argues that Lieutenant Thornton's testimony at the parole violation hearing was inconsistent because the complaint indicates that the female was struck on the right shoulder and Lieutenant Thornton testified that she was struck on the left shoulder. Accordingly, Petitioner argues that the Board failed to show that he was at fault for the alleged technical parole violation. *See Hudak v. Pa. Bd. of Prob. & Parole*, 757 A.2d 439, 441 (Pa. Cmwlth. 2000) (Court reversed determination that Hudak was a TPV in the absence of a showing that he was at fault for his discharge from a community corrections center before the prescribed six months when it was clear that he was discharged for purely medical reasons and had been performing well there).

Petitioner's position is without merit. The Board rejected Petitioner's version of the incident. Instead, the Board accepted as credible the testimony of Lieutenant Thornton. He stated that while engaged in supplemental patrol detail in an unmarked vehicle, supplementing the Pittsburgh Bureau of Police, he heard a loud verbal argument between Petitioner and a female. At that time, Lieutenant Thornton brought his vehicle to a stop and continued to watch the pair. C.R. at 90, 92. Lieutenant Thornton testified that Petitioner and the female turned toward one another as they walked up a set of steps at which time Petitioner struck her in the left shoulder with his right forearm. C.R. at 90-91. Lieutenant Thornton testified that he had an unobstructed view of the incident from the passenger window of his vehicle at a vantage point of approximately 12-15 feet and that it was a bright and sunny day in June. C.R. at 90-92, 101. We are bound by the Board's credibility

4

determinations. *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413 (Pa. Cmwlth. 1984).

As for the inconsistency between the complaint's stating that the female was struck on her right shoulder (C.R. at 78) and Lieutenant Thornton's testimony at the parole violation hearing that it was her left shoulder (C.R. at 91), the record is consistent that the female was struck on the shoulder. Any discrepancy goes to the weight of the evidence, which the Board decided in Lieutenant Thornton's favor. It should be noted that the arresting officer as the affiant of the criminal complaint and the one who filed the charges interviewed Lieutenant Thornton as a witness in the course of rendering the complaint. C.R. at 74-79, 95. According to the complaint, Lieutenant Thornton notified City dispatch of a male involved in a simple assault, gave a description and location, and requested that the two officers on proactive patrol conducting a park and walk of Mellon Square Park detain Petitioner. C.R. at 78. Lieutenant Thornton was present when Petitioner was taken into custody. C.R. at 94.

As for the dismissal of the assault charges, this Court has described assaultive behavior as "encompass[ing] a broader category of actions than would the crime of assault, and thus actions that would not constitute a crime may nonetheless be sufficient grounds for revocation of parole." *Flowers*, 987 A.2d at 1272 [quoting *Jackson v. Pa. Bd. of Prob. & Parole*, 885 A.2d 598, 601 (Pa. Cmwlth. 2005)]. Consequently, dismissal of the criminal charges for assault is not determinative here.

As for establishing fault, a willful act within a parolee's control must form the basis for finding a parole violation. *Hudak*, 757 A.2d at 440-41. Here, the Board accepted the eyewitness testimony of a veteran police officer that he witnessed Petitioner striking the female with his forearm. Based on the evidence of

5

Petitioner's commission of this willful act within his control, the Board determined that his actions constituted assaultive behavior.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Judson Jones,                            :
                   Petitioner    :
                                        :
           v.                          :  No. 334 C.D. 2024
                                        :
Pennsylvania Parole Board,               :
                 Respondent    :

# **O R D E R**

AND NOW, this 5th day of March, 2025, the order of the Pennsylvania Parole Board is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita